```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRANSPORTES NAVIEROS Y                      :
TERRESTRES, S.A. DE C.V.                    :
                                            :
                Plaintiff,                  :
                                            :
    -against-                               :      07 CV 3076 (LAP)
                                            :
FAIRMOUNT HEAVY TRANSPORT N.V.,             :
                                            :
                Defendant.                  :
-----------------------------------------------------------X
```

## DECLARATION OF CHARLES E. MURPHY
## IN SUPPORT OF MOTION TO VACATE ATTACHMENT

Charles E. Murphy declares under penalty of perjury of the laws of the United States of America as follows:

1. I am a member of the firm, Tisdale & Lennon, LLC, counsel for Defendant, Fairmount Heavy Transport N.V. ("FHT"), and I make this declaration based upon my personal knowledge and upon documents that I believe to be true and accurate.

### *Fairmount Heavy Transport N.V. v. Oceanografia S.A. De C.V.*, 06 CV 15491 (TPG)

2. I was the lead attorney for FHT in a recent case in this court captioned *Fairmount Heavy Transport N.V. v. Oceanografia S.A. De C.V.*, 06 CV 15491 (TPG). The underlying facts of that case follow.

3. Pursuant to a charter party concluded on September 15, 2005, Oceanografia S.A. De C.V. ("OSA") agreed to charter from FHT the semi-submersible barge FAIRMOUNT FJORD plus the tug AHTS DE HONG for the carriage of a pipelay barge from Mumbai, India to one safe port in the Gulf of Mexico. *See Amended Verified Complaint in Fairmount Heavy Transport N.V. v. Oceanografia S.A. De C.V.*, 06 CV 15491 (TPG) *as Exhibit 1*. During the course of the charter,

certain disputes arose between FHT and OSA regarding *inter alia* OSA's failure to pay freight to FHT, which amounts were due and owning under the charter party. After OSA breached the charter party contract by failing to pay to FHT outstanding freight, the contract was legally terminated on October 27, 2005. As a result of OSA's breach of the contract, FHT sustained damages in the total principal amount of $2,676,433.40.

4. Pursuant to the charter party, all disputes were to be submitted to arbitration in London with English Law to apply. In accordance with the arbitration clause, FHT commenced arbitration against OSA on November 7, 2005 and served its written claim submissions on May 18, 2006.

5. On behalf of FHT, on December 27, 2006 I filed an action in this court against OSA and obtained an ex parte attachment to secure FHT's claims in the London arbitration. FHT attached OSA's property in the amount of $3,604,999.50, which amount fully secured FHT's arbitration claim inclusive of interest and costs.

6. Thereafter, OSA moved to vacate the attachment and also moved for countersecurity in the amount of $13,000,000.00, in relation to its counterclaim that FHT, and not OSA, had breached the charter party.

7. After the parties had fully briefed the issues, and after Judge Griesa had heard oral argument on the motions, FHT and OSA agreed to settle their claims in consideration of a $950,000.00 payment from OSA to FHT. The parties submitted for Judge Griesa's signature a Stipulation and Turn Over Order in respect of the attached funds, pursuant to which $950,000.00 would be paid to FHT in settlement and the balance would be paid to OSA. Judge Griesa signed the Order on March 21, 2007. *See Turn Over Order dated March 21, 2007 attached as Exhibit 2.*

8. The funds were turned over by the garnishee bank and the case was dismissed.

<u>*Transportes Navieros Y Terrestres v. Fairmount Heavy Transport, 07 CV 3076 (LAP)*</u>

9. In this case, TNT filed its Verified Complaint against FHT on April 17, 2007. *See TNT's Verified Complaint attaches as Exhibit 3.* TNT has alleged that FHT wrongfully arrested the M/V CABALLO AZTEC between November 10, 2005 and May 17, 2006 because TNT, and not OSA, then owned the vessel. TNT has alleged that it suffered damages of $10,220,000.00.

10. The evidence summarized in the accompanying Memorandum of Law in Support of Motion for Attachment strongly suggests that if OSA and TNT are not actually alter egos, they effectively act as one company. Upon information and belief, TNT is merely the shipping arm of OSA.

11. Pursuant to an Ex Parte Attachment Order dated April 17, 2007, which authorized the attachment of FHT's property in an amount up to $10,220,000.00, TNT has purportedly restrained an electronic funds transfer involving FHT in the amount of about $1,256,354.84. *See email dated April 26, 2007 from TNT's New York lawyers, Casey & Barnett, attached as Exhibit 4.*

12. As argued in the accompanying Memorandum of Law in Support of Motion to Vacate Attachment, vacatur is appropriate because (1) TNT's claim for wrongful arrest is so lacking in merit as to be characterized as frivolous because the vessel was never delayed; (2) TNT has abused the attachment remedy by bringing a claim in retaliation that is intended to harass and cause financial injury to FHT, which is an improper practice that reveals a want of equity so manifest as to require vacatur; and (3) the amount attached is excessive because TNT has suffered no damages from the arrest.

3

I, Charles E. Murphy, pursuant to 28 U.S.C § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed:    May 2, 2007
             Southport, Connecticut

*(signature)*
Charles E. Murphy (CM 2125)

## AFFIRMATION OF SERVICE

I hereby certify that on May 3, 2007, a copy of the foregoing was filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Charles E. Murphy