# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

FAIRMOUNT HEAVY TRANSPORT N.V.,                      :

                                                     :       06 CV 15491 (TPG)
                              Plaintiff,              :       ECF CASE
                                                     :
        - against -                                  :
                                                     :
OCEANOGRAFIA S.A. DE C.V.                             :
a/k/a OCEANOGRAFIA,                                   :
                                                     :
                              Defendant.              :

---------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

. Plaintiff, FAIRMOUNT HEAVY TRANSPORT N.V., (hereafter referred to as

"Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Amended

Verified Complaint against the Defendant, OCEANOGRAFIA S.A. DE C.V. a/k/a

OCEANOGRAFIA. (hereafter referred to as "Defendant"), alleges, upon information and belief,

as follows:

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

        2.      At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under the laws of The Netherlands.

        3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity, organized under, and existing by virtue of foreign law.

        4.      Pursuant to a charter party concluded on or about September 15, 2005, Defendant

agreed to charter from Plaintiff the semi-submersible barge FAIRMOUNT FJORD (or

FAIRMOUNT FJELL in Plaintiff's option)(hereinafter referred to as the "Vessel") plus the tug

AHTS DE HONG or a suitable substitute tug, for the carriage of a pipelay barge from Mumbai to one safe port in the Gulf of Mexico.

5.    During the course of the charter, certain disputes arose between the parties regarding *inter alia* Defendant's failure to pay freight to Plaintiff, which amounts were due and owning under the charter party.

6.    After Defendant breached the charter party contract by failing to pay to Plaintiff outstanding freight, the contract was legally terminated on October 27, 2005.

7.    As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $2,676,433.40 exclusive of interest, arbitration costs and attorneys fees.

8.    Pursuant to the charter party contract, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

9.    The Plaintiff has commenced arbitration in London against Defendant and has served its written claim submissions on or about May 18, 2006.

10.    Despite due demand, Defendant has failed to pay the amounts due and owing under the charter party.

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. Plaintiff expects to recover the following amounts:

|   |   |   |
|---|---|---|
| A. | Principal Claim: | $2,676,433.40 |
| B. | Estimated Interest calculated at the rate of 6.5% for three years: | $583,566.10 |
| C. | Estimated Attorneys' Fees and Arbitration Expenses: | $345,000.00 |
| **Total** | | **$3,604,999.50** |

12.    The Defendant cannot be found within this District within the meaning of

2

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or

TISDALE & LENNON Fax:203-254-1641 Jan 5 2007 12:47pm P038/046

Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of

$3,604,999.50 calculated to date to secure the Plaintiff's claims, and that all persons claiming

any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B

answer the matters alleged in the Complaint;

    C.    An Order recognizing and enforcing any final London arbitration award in

Plaintiff's favor and any further judgment rendered on the claims herein pursuant to 9 U.S.C.

§§201 *et seq.*;

    D.    That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

    E.    That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated: New York, New York
       January 5, 2007

<div style="margin-left:40%">

The Plaintiff,
FARMOUNT HEAVY TRANSPORT N.V.,

By: _____
Patrick F. Lennon (PL 2162)
Lauren C. Davies (LD 1980)
Charles E. Murphy (CM 2125)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-lennon.com
cmurphy@tisdale-lennon.com

</div>

4

## **ATTORNEY'S VERIFICATION**

State of New York        )
                         )    ss.
County of New York   )

1.    My name is Patrick F. Lennon.

2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the

Plaintiff.

4.    I have read the foregoing Amended Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated: Southport, Connecticut
       January 5, 2007

Patrick F. Lennon

5