PO Box 664
3000 AR Rotterdam
The Netherlands

## SMALLEGANGE, VAN DAM & VAN DER STELT

Attorneys at Law

Boompjes 554
NL 3011 XZ Rotterdam
The Netherlands

Tel.: +31 10 2010070
Fax: +31 10 4124772
E-mail: mail@sdslaw.nl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.,

        Plaintiff,                                         07 CV3076(LAP)

-against-

FAIRMOUNT HEAVY TRANSPORT N.V.,

        Defendant.
------------------------------------------------X

## DECLARATION OF JAN FREDRIK VAN DER STELT

I, JAN FREDRIK VAN DER STELT, declare as follows,

1. I am a Partner in the Law Firm Smallegange, van Dam & van der Stelt of Boompjes 554, 3000 AR Rotterdam, The Netherlands. I have been asked by the Defendant, Fairmount Heavy Transport N.V. ("FHT") to make this declaration with regard to the Ex Parte Order brought by Transportes Navieros Y Terrestres, S.A de C.V. ("TNT") against Fairmount Heavy Transport N.V. ("FHT") for an alleged claim for wrongful arrest on the vessel CABALLO AZTECA ("the vessel") on 10 November 2005, while that vessel was undergoing repairs at the Ship Repair Yard of Royal Niestern Sander B.V. at Delfzijl, The Netherlands.

2. On 7 November 2005 I received instructions from FHT through Ince & Co, London, UK to act for FHT in a claim against Oceanografia S.A. de C.V. I was instructed to make

SMALLEGANGE, VAN DAM & VAN DER STELT
Advocaten

arrangements for a conservatory arrest on the vessel. I was instructed that the vessel was owned by Oceanografia. I have checked the ownership through the Database of Lloyds/Fairplay, which confirmed that the vessel was at the material time owned by Oceanografia. I also checked with the Repair Yard where it was confirmed that the vessel arrived on or about 7 October 2002 at the Yard for repairs and/or conversions to be carried out.

3. On 9 November 2005 a petition was filed with, and consequently leave granted by, the President of the Groningen District Court. **Exhibit 1** to this Affidavit is a copy of the arrest petition with subsequent exhibits. The arrest was duly affected on 10 November 2005.

4. As **Exhibit 2** I attach a copy of the details for the vessel as presently appear from the Database of Lloyd's/Fairplay. Under the headings Commercial History and Event Timeline it is recorded that the Ownership in the vessel changed in May, 2006 from Oceanografia to TNT.

5. The arrest documents were served upon Oceanografia in accordance with the relevant Articles in the Dutch Code of Civil Procedures and in accordance with the Hague Convention 1965, the relevant documents being duly translated into Spanish. **Exhibit 3** is the document served upon Oceanografia. **Exhibit 4** is the confirmation from the Mexican Authorities as returned to the Public Prosecutor in the Groningen District Court showing that the document was served upon Oceanografia on 13 February 2006, PM.

6. I herewith state that it was not until 15 May 2006, pm, that I was contacted by Dutch Counsel for TNT, Van Traa Solicitors, Mr Michael Hajdasinski, who sent a fax on that same date confirming to be instructed by TNT. With his fax Mr Hajdasinski attached a statement by Notary Public Cortes Caro dated 21 April 2006, from which would appear that the ownership in the vessel was transferred from Oceanografia to TNT on 27 October, 2005, as well as a transcript of the vessel's registration in the Mexican Ship Register.

SMALLEGANGE, VAN DAM & VAN DER STELT
Advocaten

7. Prior to 15 May, 2006 I have not been contacted or had any contact with Oceanografia or their legal representatives or with other parties or their legal representatives showing an interest in the vessel and/or in the claim brought by FHT against Oceanografia.

8. The fax message received from TNT's Counsel of 15 May, pm, states that the vessel is being prepared to leave the Yard. Counsel for TNT summoned for an immediate lifting of the arrest. FHT were put on notice that maintaining the arrest could result in a claim for wrongful arrest. **Exhibit 5** is a copy of the fax sent by TNT's Counsel, regretfully in the Dutch language.

9. As **Exhibit 6** I attach a copy of my urgent fax to Van Traa of 16 May, 10.32 hrs, and also the reply received from Van Traa on that same date, 16.18 hrs. On the documents provided I was instructed by FHT to lift the arrest and by mail of 16 May, 18.11 hrs I confirmed to TNT's Counsel that the arrest was lifted. The bailiff advised the authorities of the lifting of the arrest, confirmed this in writing in his fax message of 17 May, 09.44 hrs, addressed to the Port Authorities, Groningen Seaports and the Harbor Police. **Exhibit 7** are copies of that correspondence.

10. I herewith expressly state that after the arrest was lifted on 16 May, 18.11 hrs, there have been no further contacts with TNT or their legal representatives or with Oceanografia or their legal representatives. FHT was not held liable in Dutch jurisdiction for an alleged wrongful arrest. FHT was not served with a claim for wrongful arrest in Dutch jurisdiction, in connection with the arrest of the vessel. I have learned since from information received from the Port Authorities of Delfzijl, that the vessel did not sail from Delfzijl until 27 July, 2006. I attach as **Exhibit 8** a copy of the information submitted to me by the Port Authorities.

11. I state that as a matter of Dutch law, the arrest of the vessel did not prevent the Repair Yard from carrying out its repairs as planned and that no contact was ever received by me from the Yard, suggesting that the arrest was causing or might somehow cause a delay to their works. On the contrary, I was told at the time by the Yard's insurance brokers that work was done by the Yard intermittently on the vessel, due to intermittent

SMALLEGANGE, VAN DAM & VAN DER STELT
Advocaten

payment of the Yard's invoices. It is in my professional opinion therefore definite that the arrest did not delay and could not delay the Yard's completion of the repairs.

12. It is my professional opinion that in accordance with Dutch law, the law applicable in respect of the arrest proceedings, a claim for wrongful arrest can not be brought against FHT. TNT have not held FHT liable. TNT have not put FHT on notice. TNT have not shown any documentary evidence that could support an alleged claim for wrongful arrest.

13. It is my professional opinion that, with reference to the above circumstances and facts, an alleged claim for wrongful arrest, if brought by TNT against FHT in Dutch jurisdiction, would fail.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct

Executed on this 30 Day of April 2007

J.F. van der Stelt

4

## AFFIRMATION OF SERVICE

I hereby certify that on May 3, 2007, a copy of the foregoing was filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Charles E. Murphy