UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.

    Plaintiff,

-against-            07 CV 3076 (LAP)

FAIRMOUNT HEAVY TRANSPORT N.V.,

    Defendant.
---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/07

### ORDER TO SHOW CAUSE WHY ATTACHMENT
### SHOULD NOT BE VACATED OR MODIFIED

Upon the annexed Declaration of William Luke Marsh, Declaration of Jan Fredrik van der Stelt, Declaration of Arturo Arista, and Declaration of Charles Murphy, the exhibits annexed thereto, the accompanying Memorandum of Law and the pleadings and proceedings heretofore had herein:

Let the Plaintiff, Transportes Navieros Y Terrestres, S.A. De C.V. ("TNT") show cause before the Honorable Loretta A. Preska, United States District Judge, at 500 Pearl Street, Courtroom 12A, New York, New York 10007, pursuant to Supplemental Admiralty Rule E and Local Admiralty Rule E.1, which provides for an adversary proceeding on a attachment *within three court days*, on the ___9th___ of May, 2007 at _8:30a_ m o'clock, or as soon thereafter as counsel can be heard, why the following relief should not be granted:

1.  An ORDER vacating or modifying the Process of Maritime Attachment and Garnishment on the basis that:

  (i) TNT's claim for wrongful arrest of M/V CABALLO AZTECA is so lacking in merit as to be characterized as frivolous and, therefore, TNT has not alleged a *prima facie* valid

admiralty claim as required by Supplemental Admiralty Rule B and *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006);

(ii) TNT has abused the attachment remedy by bringing a petition for security that is intended to harass and cause financial injury to FHT in circumstances where TNT has failed to initiate any lawsuit to adjudicate its underlying claim for wrongful arrest, and such an improper practice reveals a want of equity so manifest as to require vacatur; and

(iii) The amount attached, *i.e.*, $1,256,354.84., is excessive because TNT has suffered no damages from the arrest that never delayed the vessel.

or in the alternative

2.   An Order for such other and further equitable relief as the Court may deem just and proper in the circumstances of this case.

Let service of a copy of this Order and the accompanying declarations, exhibits and Memorandum of Law, if served upon CASEY & BARNETT, LLC, 317 Madison Avenue, 21st Floor, New York, New York 10017, attorneys for Plaintiff TNT, by 5:00 p.m. on May 3, 2007, (service to be made either by fax or email) be deemed good and sufficient service;

Answering papers, if any, including but not limited to affidavits, exhibits and/or memorandum of law, shall be served so as to be received by counsel for the movant, Tisdale & Lennon, LLC at their offices at 11 West 42nd Street, Suite 900, New York, New York 10036 by either ~~fax or~~ email so as to be received on or before the 7th day of May 2007 by 5:00 p.m.

Reply papers, if any, on behalf of the movant shall be served by fax or email so as to be received by counsel for the Plaintiff at their offices ^(the day) prior to the Rule E(4)(f) post-attachment hearing.

Dated: May 3, 2007
New York, New York

*Courtesy copies of all papers shall be delivered to chambers by hand or fax at the same time as service.*

_____
Honorable Loretta A. Preska, U.S.D.J.

TO:  Martin F. Casey, Esq.
     Christopher M. Schierloh, Esq.
     CASEY & BARNETT, LLC
     317 Madison Avenue, 21st Floor
     New York, New York 10017
     Tel: 212-286-0225
     Fax: 212-286-0261
     mfc@caseybarnett.com
     cms@caseybarnett.com