UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.,

                Plaintiff ,                07 CV 3076 (LAP)

   -against-

FAIRMOUNT HEAVY TRANSPORT N.V.,

                Defendant.
-------------------------------------------------------X

## DECLARATION OF WILLIAM LUKE MARSH

I, WILLIAM LUKE MARSH, declare as follows:

1.      I am a senior associate in the City of London firm of solicitors, Ince & Co. at International House, 1 St. Katharine's Way, London, E1W 1AY. I have been asked by the Defendant, Fairmount Heavy Transport N.V. (hereafter "FHT") to make this declaration to respond to various of the assertions made in the verified Complaint filed on 17 April 2007 on behalf of the Plaintiff, Transportes Navieros y Terrestres, S.A. de C.V. (hereafter "TNT"). That Complaint alleges that FHT wrongfully arrested the M.V. *Caballo Azteca* (hereafter "the Vessel") as a result of which TNT suffered substantial damages said to be in excess of US$10 million. Those damages are stated to have been in the form of liquidated damages incurred under a charterparty with Con-Dive, LLC, together with loss of earnings under that charterparty.

2.      It is not denied that the Vessel was arrested on the application of FHT. It is, however, denied that that arrest was wrongful and that the damages alleged to have been suffered by TNT, if they were suffered at all (which, in the light of what follows, must be open to doubt), were caused by the arrest.

3.      It was I who, on the instructions of FHT, was responsible for causing Mr Jan van der Stelt of the Dutch law firm Smallegange van Dam & Van der Stelt to effect the arrest.

1 07 8489 00 6424743

The facts and circumstances surrounding that arrest are accordingly within my own knowledge and I am therefore ideally placed to make this declaration.

**The information as to the registered ownership of the vessel**

4.    When the vessel was arrested FHT was engaged in an arbitration in London against the company Oceanografia S.A. de C.V. (hereafter "OSA"). The principal witnesses for OSA were the Director General of that company, Mr Amado Yanez and the Assistant Director General, Mr Wesley Freeman (a small selection of the email exchanges and other correspondence relative to the matters in dispute in that arbitration is attached at Exhibit 1).

5.    In the arbitration FHT was claiming damages for breach of a charterparty and the purpose of the arrest was to obtain security for that claim. The information I obtained at the time indicated that the registered owner of the vessel was OSA. That information included information from Sea Web and printouts of the actual information I relied upon are attached at Exhibit 2. These seemed to indicate unequivocally that the registered owner of the Vessel was OSA. Further confirmation that the registered owner was indeed OSA was received when the Mexican lawyers, Garza Tello attended the Mexican Ship Registry. They were informed, verbally, that there were various "legal acts" registered concerning the Vessel including a "Registry of Property" of the Vessel in favour of OSA and a "Registry of a Trust" in which OSA appeared as settlor and Interacciones Banca Mutiple (a Mexican financial institution) as beneficiary.

6.    Investigations had revealed that the Vessel was under repair at a Dutch shipyard where, apparently she had been for the previous three years. I did not expect, therefore, that the arrest would produce any immediate security, but I thought that it would be helpful to have it in place should circumstances change.

7.    The Vessel remained under arrest at the repair yard for six months between 10 November 2005 and 16 May 2006. During the entire period before 15 May 2006 no one sought to question or challenge the arrest.

### The release of the Vessel and the information supplied at that time

8.    The Vessel was released from arrest on 16 May 2006 following receipt by Mr van der Stelt, the day before, from Mr Hajdasinski of Messrs. Van Traa Advocaten, a Dutch law firm acting for TNT, of information tending to suggest that the registered owner of the Vessel was actually TNT and not OSA.   In his message to Mr van der Stelt Mr Hajdasinski demanded the immediate release of the Vessel as it was ready to sail from the yard to start a 450 day charter commencing on 8 June 2006 at a daily rate of US$100,000.   The threat was therefore made that unless the Vessel was immediately released FHT faced a potential claim of US$45 million.   I refer to the declaration of Mr van der Stelt for further details.

9.    It is also pertinent to note further information in Mr van der Stelt's declaration that the vessel did not in fact sail from the yard until 13:44 on 27 July 2006 – over two months after the arrest was lifted, and some 51 days after the 8 June charter was supposedly due to have commenced.

### TNT has suffered no loss

10.    Given this, it is difficult – in fact impossible – to identify any connection at all between the arrest and the losses which are alleged to have been caused by it.   It is doubtless because of this impossibility, I would respectfully submit, that TNT has sought in its Complaint to state the facts in a rather different way than they were putting them in May last year, and in a manner at odds with what actually happened.   Thus, for example, it is said in paragraph 5 of the Complaint that the Vessel was to be delivered under the Charterparty on March 15, 2006 – three months earlier than the 8 June date stated by Mr Hajdasinski in May.

11.    Apart from an initial query by the yard there was no reaction at all to the arrest between the date it was made and 15 May 2006.   The statement in paragraph 5 of the Complaint would therefore appear to be a pure fabrication inserted solely to justify the assertion made in paragraph 11.   If paragraph 11 of the Complaint is unsustainable it must follow that so too is paragraph 12, which contains the allegation of the US$10.2 million loss claimed to have been suffered by TNT.

**The action brought by TNT has been brought in bad faith**

12.    *The link between TNT and OSA*

FHT is managed by the Dutch company, Fairmount Marine B.V. (hereafter "FM"). Over the years FM has operated quite extensively in Mexico and on the basis of market information it has obtained during this time, and has passed to me, I believe that OSA and TNT, if not actually one and the same, are effectively so given their very close connection. I understand that TNT is owned by the owners of OSA, and is the shipping arm of OSA.

13.    I have since been able to verify this market information by obtaining from Dun & Bradstreet the report which is attached at Exhibit 3. I would refer specifically to page 5 of that report where TNT is named as an affiliate of OSA on the express basis of its having "... *either a similarity of parent company or because* [it] *share(s) similar stockholders.*" In this connection it is also pertinent to look at the sections of the report dealing with management (page 3) and stockholding (page 4). These show Amado Yanez as a main stockholder and the "President Council".

14.    The section of the Dun & Bradstreet report under the heading "antecedents" (page 5) records that Mr Yanez earned a doctor's degree at the University of Texas. At Exhibit 4 is an extract from the Alumni Directory of the University of Texas Department of Oceanography. Mr Yanez' name is there and his business address is given as that of TNT.

15.    *The link between TNT and Con-Dive, LLC (through OSA)*

Quite apart from the obvious point that, the Vessel having been in the repair yard since 2002, the statement in paragraph 6 of the Complaint that she was brought to the yard for modifications to enable her to meet the specifications in a charterparty allegedly entered in 2005, is palpable nonsense, whether there ever was such a charterparty is highly questionable. This is because my investigations have revealed a clear link between Con-Dive and OSA and, therefore, TNT, such as to cast serious doubt over the veracity of the assertion that there was a charterparty. That statement, I would suggest, is another fabrication designed to give the appearance that there is a

legitimate basis for TNT's actions . The link is through Mr Wesley Freeman, the Assistant Director General of OSA. At Exhibit 5 are print outs of extracts from the Texas Register of Corporations and these show Wesley Freeman to be the "governing person" for Con-Dive, LLC. At Exhibit 6 is the "Contact Us" section on Con-Dive's website. This names Wesley Freeman as the President and main contact for that company.

16.    The dispute between FHT and OSA in respect of which FHT arrested the Vessel in November 2005 was settled in March of this year after FHT successfully obtained in this Court a Rule B attachment of OSA's assets to secure FHT's claim in the London arbitration. OSA initially challenged that attachment raising a counterclaim which ranged, at various points in time, between US$10 million and US$13 million. However, that counterclaim was settled along with FHT's claim against OSA by way of the payment by OSA to FHT of US$950,000. This was referred to and reflected in the Stipulation and Turn Over Order signed by Judge Griesa on 21 March. Subsequently, on 10 April, a formal settlement agreement was drawn up and signed by FHT and OSA, and that agreement contains a confidentiality clause regarding its provisions.

17.    I believe that the facts I have set out above, and those detailed in Mr van der Stelt's statement, very strongly suggest that this action brought by TNT and the attachment it has obtained over FHT's assets is nothing more than a "tit-for-tat" retaliation for FHT's earlier attachment of OSA's funds. TNT's claim has no ground in fact or law and, as I believe I have demonstrated, is brought in bad faith, being manifestly dishonest

In accordance with 28 U.S.C. 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of May 2007.

*(signature)*
.................................................

**WILLIAM LUKE MARSH**

## AFFIRMATION OF SERVICE

I hereby certify that on May 3, 2007, a copy of the foregoing was filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Charles E. Murphy