**EXHIBIT 3**

**CASEY & BARNETT, LLC**
Martin F Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225

Attorneys for Plaintiff

APR 17 2007
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.

               Plaintiff,

             07 cv

- against -


FAIRMOUNT HEAVY TRANSPORT N.V.,    **VERIFIED COMPLAINT**


             Defendant,
------------------------------------------------------------- X

Plaintiff, Transportes Navieros y Terrestres, S.A. de C.V., (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendant, Fairmount Heavy Transport N.V., (hereafter referred to as "Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule9(h) of the Federal Rules of Civil Procedure and 28 United States Code §1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Mexico with an address at Carr. Praiso Puerto Ceiba, Km. 1 S/N Entre Boulevard Manuel A. Romero Zurita calle A, Fonapo, Col. Quintin Arauz, 86600 Paraiso, Tab. Mexico.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with its principal place of business located at Beursplein 37, World Trade Center, Ste 1459, 3011 AA Rotterdam, The Netherlands and does not have an office or place of business within this District.

4. On or about December 12, 2005, Plaintiff entered into a "Supplytime 89" uniform time charter party with Con-Dive, LLC for the charter of the vessel M/V CABALLO AZTECA (hereafter "the vessel").

5. Pursuant to the charter party, the vessel was to be delivered on March 15, 2006 at Port Fourchon, Louisiana.

6. Prior to commencement of the charter, the vessel was brought to a shipyard in Rotterdam, The Netherlands for modifications to enable it to meet the specifications of the charter party.

7. On or about November 10, 2005 Defendant wrongfully arrested the vessel, erroneously believing that the vessel belonged to another company against whom Defendant was asserting a claim.

8. At the time of the wrongful arrest, Defendant had no claim based in law,

equity or admiralty upon which to justify an arrest of Plaintiff's vessel.

9. Defendant failed to reasonably investigate the ownership of the CABALLO AZTECA before initiating the arrest. A reasonable investigation would have revealed that ownership of the vessel was not as Fairmount apparently suspected. Fairmount acted in bad faith and maliciously and with reckless disregard of TNT's rights in arresting the vessel.

10. The vessel was under arrest for over six months in Rotterdam, until May 17, 2006.

11. As a result of the wrongful arrest by Defendant, Plaintiff was unable to deliver the vessel as required by the charter party and, thus, was in breach of the charter party with Con-Dive.

12. As a result of this contractual breach, precipitated by the wrongful arrest of the vessel, TNT suffered substantial damages, consisting of liability for liquidated damages under the charter in amount of 10% of the contract's value, or $3.65 million; loss of net earnings under the charter in the approximate amount of $6,570,000.00, as best as can be presently ascertained; together with other damages to be proved at the trial of this matter.

13. A criminal proceeding has been filed against Defendant in a court of law in Mexico based on the aforementioned facts to assert its legal rights of redress for the wrongful arrest of its vessel.

14. The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including but not limited to, ABN Amor, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/ or Wachovia Bank, N.A. which are believed to be due and owing to Defendant.

15. The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, inter alia, any assets of the Defendant held by the aforesaid garnishee(s) for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including but not limited to ABN Amor, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/ or Wachovia Bank, N.A. , which are due and owing to the Defendants, in the amount of $10,220,000.00 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals therefore; and

D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
April 17, 2007

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*
Martin F. Casey (MFC1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
mfc@caseybarnett.com

5

## Attorney Verification

State of New York
County of New York

MARTIN F. CASEY, being duly sworn, deposes and says as follows:

1. I am a partner in the law firm of Casey & Barnett, L.L.C., attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and grounds for my belief are communications, information, and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is that Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

*Martin F. Casey*
Martin F. Casey

Sworn to me this
17th day of April, 2007

*Jacquelyn E. Ford*
Notary Public
JACQUELYN E. FORD
Notary Public, State of New York
No. 01FO4851616
Qualified in Orange County
Commission Expires February 3, 2010

6