UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.,

                Plaintiff,                07 CV 3076 (LAP)

    -against-

FAIRMOUNT HEAVY TRANSPORT N.V.,

                Defendant.
-------------------------------------------------------X

### DECLARATION OF Ph.D. OMAR OLVERA DE LUNA

1.     My name is Omar Olvera de Luna; I was born in Mexico City on July 1st 1943. I
attended Universidad Nacional Autonoma de Mexico School of Law ("UNAM"), the largest and
most respected University in the Hispanic World, graduating in the class of 1965, and have been
admitted to the bar in the whole Mexican Republic since 1968. I have been a Corporate,
Commercial Contracts and Maritime Law Professor at UNAM since 1970. I have written two
Law Hornbooks and one text book, the first hornbook is Maritime Law written in 1981, the
second is Commercial Contracts written in 1982 and the text book is Corporate Law which is
used at the Corporate Law class at UNAM. I was granted a degree in Philosophy Doctor in Law
by Pacific Western University. I also received a degree in Philosophy Doctor in International
Maritime Law by Atlantic International University.   Furthermore, I was granted the "Honoris
Causa" degree as a Philosophy Doctor in Law also by Atlantic International University.
Recently, I received the honorary degree of "Doctor of the Academic Claustro of the Legal
Department" at UNAM. I have been a member of the Mexican Bar Association since 1978. I
am the founding partner of my law firm of Olvera & Monroy Abogados which has been in
existence since 1968 where I have practiced Maritime, Commercial, Contract and Criminal Law.
A true and correct copy of my curriculum vitae describing my employment and education
background is attached hereto as **Exhibit 1**.

2.      This Declaration is submitted in support of Plaintiff Transportes Navieros y Terrestres, S.A. de C.V.

3.      In response to Arturo Arista's declaration in paragraph 6(b) where he states: "an alleged wrongful arrest of a vessel in a foreign country would not be considered as a crime under Mexican law. Damages and consequential damages that derive from such alleged wrongful arrest should be sought in a Commerical Court of Law and not through criminal complaint". In Mexican Maritime Law a vessel's wrongful arrest can be considered a crime, and in turn a crime in Mexican Law can be accompanied by the request of damages for the victim - damages do not have to be sought in a Commercial Court, they can be sought in the complaint filed at the *Ministerio Publico's* Office (the equivalent in Mexico to the District Attorney's Office, hereon referred as to "DA"). The following are the legal sources:

(a) The Mexican Constitution states the existence of Maritime Law in the articles 73 subsection XIII, 104, subsection II which read as follows:

---

**CONSTITUION OF MEXICO**

**Article 73.-** The Congress has power:

...

XIII.- To enact laws pursuant to which captures on sea and land must be declared good or bad; and **to enact maritime laws applicable in peace and war.**

**Article 104.-** The federal courts shall have jurisdiction over:

...

II.-**All controversies that involve admiralty law.**

---

(b) The Federal Statute of Navigation and Maritime Commerce, establishes the intervention of the DA in a Maritime matters in articles 9 subsection XI and article 185 subsection III that read as follows:

---

**STATUTE OF NAVIGATION AND MARITIME COMMERCE**

**Article 9.-** Every port must have a Master Harbor which depends from the Communications and Transportation State Department, he will have a limited territorial and maritime jurisdiction with the following attributions:
...
XI.- To make the investigations... and to act as an auxiliary of the District Attorney for such investigations and activities.

**Article 185.-** Once the actions described in the previous article are done, the file will be referred to the Communications and Transportation State Department, which will have to:
...
III.- Ordain, if pertinent, the appropriate administrative sanctions and **if applicable to refer the actions to the Federal District Attorney, so he can exercise his functions**.

---

(c) The Mexican Constitution establishes in its article 16 and 21, the guarantee to file a complaint with the District Attorney, who is the only authority allowed to exercise the right to prosecute a criminal action.

(d) Damages can be paid to the victim of a crime through a criminal process. Article 20 of the Mexican Constitution establishes it in fraction B, subsection IV:

---

**CONSTITUION OF MEXICO**

**Article 20.-** In every criminal trial the **victim or the accused shall enjoy the following guarantees:**
...
B.- Of the victim or person offended:

IV.- **Have damages repaired.** In the appropriate cases, the District Attorney will be obligated to seek repair of the damages, and the judge may not waive the sentenced person of the damage repair if the judge has delivered a guilty sentence.

---

Once the process is over, whoever is convicted or responsible must pay the victim or the accused the damages incurred due to the crimes done which is an independent sum of any fines imposed by the court or of a jail sentence.

3

(e) Furthermore, the Code of Penal Procedure of the State of Tabasco, Mexico, specifically states that damages shall be paid to the victim of a crime. This code is relevant since one of the criminal complaints was filed in the State of Tabasco. Articles 258 to 263 state the following:

---

**CODE OF PENAL PROCEDURE OF THE STATE OF TABASCO**

**Article 258.-** From the moment the complaint is filed, the offended can act on behalf of his own interests.

Throughout the process of the criminal complaint, the offended may give the District Attorney all the elements needed... that will probe... the probable responsibility of the damages and loss of profits caused by the crime and the sum of such damages and loss profits.

As well, the offended may request the adoption of measures that will help him to reintegrate his rights and the enjoyment of the goods affected by the crime. He may also request preventive measures if appropriate...

**Article 261.-** ... the District Attorney may request the judge to order preventive seizure of property over the accused goods in cases where civil responsibility may be effective, **but only if this measure was not ordered in the positive by the judge during the process of the criminal complaint.**

**Article 263.-** The civil responsibility will be resolved in the criminal sentence.

---

4.- In response to Arturo Arista's declaration in paragraph 7(c) where he states: "A District Attorney in Mexico would have no jurisdiction for an alleged crime that took place in a foreign country", the Mexican District Attorney does have jurisdiction over an alleged crime in a foreign country. Article 5, subsection I and II of the Mexican Federal Penal Code states that the acts or crimes done on board of a Mexican vessel are considered to be done in the Mexican Territory.

5.- In response to Arturo Arista's declaration in paragraph 9(e) and 10(f), Transportes Navieros y Terrestres, S.A. de C.V. (TNT), filed a criminal complaint for the payment and repair

of damages at the "Procuraduría General de la República" (District Attorney's Office). The criminal complaint was given the official Index Number of **A.C.PGR/TAB/CAR-11/39/D/2007**. TNT also filed a criminal complaint at "Procuraduría General de Justicia del Estado de Tabasco" (District Attorney's Office of the State of Tabasco) where the Index Number is **DAPF-054/2007**. Copies of both complaints are attached hereto as **Exhibit 2 and 3** respectively.

6.- Fairmount wrongfully arrested the vessel "Caballo Azteca". Fairmount should have done due diligence an inquire at the Public Maritime Registry about the ownership of Caballo Azteca. Caballo Azteca was inscribed in the registry as property of Transporte Navieros y Terrestres, S.A. de C.V. A copy of the registry documentation is hereto attached as Exhibit 4. Therefore, Fairmount illegally arrested Caballo Azteca against Oceanografia.    According to articles 17 subsection II and article 18 of the Statute of Navigation and Maritime Commerce, Fairmount should have inquired with the Public Maritime Registry about the ownership of the vessel. Attached hereto is a copy of the Public Maritime Registry as **Exhibit 4**.

---

### STATUTE OF NAVIGATION AND MARITIME COMMERCE

Article 17.- In the Public Maritime Registry, the following legal acts should be inscribed, following the requisites of the appropriate regulation:

...

II.- **Contracts of acquisition … of Mexican vessels.**

**Article 18.-** The acts and documents that according to this statute must be registered, and if they are not registered they will only produce legal effects among those who participated in the act, but will not have effects on third parties, therefore they will not be able to use them in favorable ways.

---

7.- As far as my knowledge goes, Fairmount Heavy Transport N.V. never contacted Transportes Navieros y Terrestres, S.A. de C.V. during six months following the arrest of Caballo Azteca.

8.-    Fairmount violated Mexican Law when its vessel "Fairmount Glacier" illegally left a Mexican Port on April 13th, 2007 when it failed to comply with a judicial order to appear at the District Attorney's office in Mexico in regards to the criminal complaint number DAPF-054/2007. The District Attorney issued an order directing the Ship Master of a Fairmount Heavy Transport N.V. vessel that was in the port of Dos Bocas, Mexico to appear in the District

Attorney's office for a formal declaration regarding the above cited complaint. Judicial order which was based in the Federal Statute of Navigation and Maritime Commerce in its articles 24, 26 and 27 which state that the Master of the vessel shall be an auxiliary of the District Attorney. Fairmount's Ship master violated Mexican law based on the following facts:

(a) The Master of the vessel did not appear to give a declaration at the District Attorney's office in the state of Tabasco.

(b) The Master of the vessel flee the Mexican port of Dos Bocas before the scheduled time the Harbor Master had set.

(c) The Master of the vessel put at risk the crew, the vessel, the port of Dos Bocas, the installations of Petróleos Mexicanos (PEMEX), the town of Paraiso, Tabasco because he decided to leave the port before the scheduled departure and without the use of a Port Pilot, which is an illegal action under articles 55, 56, 57 and 58 of the Statute of Navigation and Maritime Commerce.

Pictures of the vessel "Fairmount Glacier" while at Dos Bocas Port when the vessel was not allowed to leave are attached hereto as **Exhibit 5 and 6**. The judge order directing the Ship Master to appear to declare is attached hereto as **Exhibit 7**.

9.-    Fairmount Heavy Transport N.V. cannot ignore the Mexican Corporation Laws. Each Mexican corporation is different from one another, and the corporation is a different entity from its shareholders. This is stated in article 25, subsection III of the Federal Civil Code and article 2 of the General Statute of Business Corporations.

| **FEDERAL CIVIL CODE** |
| --- |
| **Article 25.-** The following are moral entities: <br><br> … <br><br> III. Civil or business corporations. |

| **GENERAL STATUTE OF BUSINESS CORPORATIONS** |
| --- |
| **Article 2.-** The business corporations registered in the Public Commerce Registry have different legal personality than its shareholders… |

6

Fairmount cannot combine the obligations of Oceanografia S.A de C.V. with the obligations of Transportes Navieros y Terrestres S.A. de C.V. because they are two different moral entities and Fairmount cannot argue that due to a contract the two entities are the same.

10.- Fairmount Heavy Transport N.V. cannot ignore Mexican Laws, there are only three cases in which a person is allowed to ignore the Mexican laws which are: 1) Being intellectually incapacitated, 2) Being in a miserable economic situation, or 3) being away from the communication ways. This is established in article 21 of the Federal Civil Code whish is applicable to Maritime matters through article 6, subsection VII of the Statute of Navigation and Maritime Commerce. In Mexico that who acts illegally must pay damages and loss of profits.

TRANSPORTES NAVIEROS Y TERRESTRES S.A. DE C.V. IS ACTING LEGALLY ACCORDING TO THE MEXICAN CONSTITUITON AND THE MEXICAN MARITIME, CRIMINAL, CIVIL AND COMMERCIAL LAWS.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th Day of May 2007

EXHIBIT 1

**OMAR OLVERA DE LUNA**
**Ph. D.**

Date of birth: July 1st, 1943.
Place of birth: Mexico City.

## WORK EXPERIENCE

- State Department of Tax and Public Credit
- General Direction of Credit, 1968

- Mexican Society of Credit S.A., 1969

- Mexican Commercial Financier S.A., 1970

- Metropolitan Banc, 1973

- Army and Armada Banc, 1974

- Atlantic Banc S.A., 1976

- Litigation attorney, Own Practice, founder of Olvera & Monroy Abogados, 1977 to date.

## EDUCATION

- **Law degree,** National University Autonomous of Mexico (UNAM), class of 1965.
- Admitted to Practice in Mexico in 1968.

- **Doctor of Philosophy,** Pacific Western University, December 1, 1998.

- **Doctor of Philosophy in International Maritime Law,** Atlantic International University, July 8, 2000.

- **Doctor of Philosophy *"Honoris Causa",*** Atlantic International University, December 11, 2001.

- **Honorary Doctor and founding member** of the Law Professor's Faculty at UNAM.

1

**OTHER ACTIVITIES**

- Member of the Mexican Bar Association since 1978.

- Admitted to practice as a notary in Mexico City (notaries in Mexico are highly regarded in Mexico as it entitles a most difficult test to approve), August 25, 1980.

- Member of the Honorary National Legion.

- Vicepresident of the Moral Science Department at the Mexican Academy of Political and Moral Science, 1973.

- Member of the Mexican Institute of Investigation of Notary Law, 1982.

- Voluntary at Mexico City's States Attorney's Office, June 1979.

**TEACHING CAREER**

- Currently is a Professor of Maritime and Corporations Law at UNAM.

- Permanent Professor at UNAM of Commercial Law since 1972.

- Lead Professor of the Maritime Law Specialization at the University of Post-graduate Degrees in Law, 1998.

- Has been a Professor of Maritime Law, Commercial Contracts, Corporations and Secured Transactions (Titulos y Operaciones de Credito) for many years at UNAM.

- Received various diplomas for many years as a law professor, diploma given for 15 years of teaching in 1985, diploma given recognizing 25 years of teaching in 1994.

- Has also taught at Universidad Anáhuac del Norte, Universidad Panamericanca (UP), Universidad del Valle de México (UVM).

**BOOKS PUBLISHED**

- **Maritime Law Manual**, Mexico, Porrúa Editions, 1981.

- **Commercial Contracts**, Mexico, Porrúa Editions, 1982.

- **Corporations**, Mexico, UNAM Editions, 1983.

2

## ACADEMIC CONFERENCES GIVEN

- **Possible Legal Sources for the Creation of Maritime Courts,** UNAM Law School, July 9, 1964.
- **The First Class of Commercial Law in an Audio Visual Format,** UNAM Law School, December 1970.
- **Commercial Law Marathon,** National Polytechnic Institute School of Business and Commerce, UNAM Law School, March 1973
- **"The Fideicomiso",** Nacional Financiera S.A., August 1973.
- **Commercial Law Practice,** Mexican Feminine University Law School, August 28 to October 20, 1978.
- **Family and Civil Law,** National College of Graduate Studies of Family Law A.C, November 15 to 19, 1976.
- **TV show about University Issues,** UNAM, februrary 1981.
- **Commercial Contracts,** Mexican Institute of Notary Research, June 23, 1982.
- **Commercial Contracts,** Mexican Association of Notaries A.C., March 19, 1983.
- **Charter Parties,** Mexican Association of Shipbuilders A.C., June 22, 23 and 24, 1983.
- **Notary Administrative Law,** Mexican Association of Notaries A.C., September, 1983.
- **Bill of Lading,** Mexican Association of Shipbuilders A.C., September 19, 20 and 21, 1983.
- **National Conference about Notary Law,** Notary Association of the State of Campeche A.C., September 24, 1983.
- **The importance of Commercial Contract and the *Corredor Publico,*** Board of Directors of the *Corredores Publicos* Association of Mexico City A.C., November, 1984.
- **The Notary,** Mexican Association of Notaries and the Campeche Association of Notaries, may 21, 1987.
- **Transportation Committee,** American Chamber of Commerce of Mexico A.C., July 14, 1988.
- **The Necesity of a Regulation of *Correduría Mercantil,*** State of Mexico Bar Association, National Chamber of Commerce, February 6, 1990.
- **Criminal and Commercial Responsibility of the Executive Salesman,** Mexican Association of Salesman Executives A.C., January 29, 1991.
- **Seminar of Ports and Merchant Navy,** State Department of Communications and Transportation, General Coordination of Ports and Merchant Marine, November 8 to 10, 1995.
- **Support and Alternatives in favor of the Merchant Navy,** State of Baja California Sur, ARMAMEX Shipping Company, CCCFabricaciones and Constructions, Monterrey Insurance Company, NAVIMI, American President Lines, October, 1996.
- **Corporations,** Autonomous University of Guadalajara, February 15, 1997.

- **Legal Update,** Bar Association of the Zihuatanejo, Ixtapa, State of Guerrero, July 12 1997.
- **Multimodal Transportation, a Tool for Exterior Commerce in Mexico,** Mexican Corporation of International Business S.C., April, 1998.
- **Port Pilots,** UNAM, December 3, 1998.
- **Maritime Law,** University of Postgraduate Degrees in Law, Specialization, December, 1998.
- **Lawyers Day,** Bar Association of Zihuatanejo, Ixtapa, Guerrero A.C., July 12, 1999.

## SPEAKER AT THE FOLLOWING CONGRESSES

- **Commercial Law Congress I,** UNAM, August 19 to 24, 1974.
- **Commercial Law Congress II,** UNAM, Guanajuato University, October 9 to 17, 1976.
- **National Commercial Law Congress III,** University of San Luis Potosí, UNAM, October 25 to 27, 1978.
- **IV National Congress of Commercial Law,** Autonomous University of Benito Juarex of Oaxaca, UNAM, September 8 to 10, 1982.
- **I National Congress of the Sea,** Autonomous University of Colima, UNAM, October 24 to 27, 1984.
- **I National Congress of Shipping Agents,** Mexican Association of Shipping Agents A.C., October, 1993.
- **National Congress Port Pilots,** National Union of Port Pilots, July 16, 1994.
- **XIII Annual National Congress of Exterior Commerce and Merchant Navy,** Mexican Association of International Studies, September 3, 1999.
- **XI National Congress of Shipping Agents,** Mexican Association of Shipping Agents A.C., September, 2005.
- **International Congress of Commercial Law,** UNAM, Law Investigation Institute, March 8 to 10,l 2006.
- **XII Annual Congress of Shipping Agents, The future of the Maritime-Port Industry in a New Government,** Mexican Association of Shipping Agents A.C., November, 2006.

## SEMINARS TAKEN

- **Intensive Course of Dynamic Managing,** Industrial Training Institute, January, 1969.
- **Teaching Techniques Course,** La Salle University, October, 1969.
- **Doctor of Philosophy in Law Specialization,** UNAM Law School, August, 1970.
- **Youngsters in the Mexican Legal System,** UNAM Law School, June, 1973.

- **Conviction and Execution of a Sentence in Criminal Law,** Mexican Society of Criminology, March, 1976.
- **Actualization in Notary Duties,** College of Notaries of Mexico City, April 1980.
- **IV Congress of International Registry Law,** International Center of Registry Law, December, 1980.
- **Criminology Dialogues,** Mexican Society of Criminology, November, 1981.
- **Commercial Contracts,** UNAM Law School, December 16, 1981.
- **Maritime Law Course,** UNAM Law School, July, 1982.
- **Actualization Seminar of Commercial Law,** UNAM Law School, August, 1982.
- **Legal Frame of the International Monetary Crisis,** UNAM Law School, September, 1982.
- **The Special Problems of the Mexican Habeas Corpus,** UNAM Law School, January, 1983.
- **VII Course of Criminology,** Mexican Society of Criminology, February, 1983.
- **Maritime Insurance,** National Mexican Association of Shipbuilders A.C., December, 1983.
- **Practice of Private Commercial Arbitration,** Iberoamerican University, March 10, 1986.
- **Seminar of Compared Constitutional Law,** Panamerican University Law School, October, 1988.
- **Microscopic Study of the Hair,** National Institute of Criminal Science, March, 1989.
- **Conference about the Commercial Code,** UNAM Law School, October, 1989.
- **Cycle of Thursdays Conferences on Several Topics,** Mexico City State Attorney's Office, May, 1990.
- **Seminar of International Contracts of Maritime Transportation,** National Banc of Exterior Commerce S.N.C., November, 1993.
- **The Mexican Legal System in 2000,** Inter-University Symposium, March, 1996.
- **International Seminar of Justice and Society in Mexico,** Mexican Congress Senate, Legal Research Institute, UNAM, July 11, 1996.
- **Accounting for Lawyers,** Mexican Bar Association, May 21, 1998.
- **The 2000 Shipping and International Trade Lectures,** Middleton Potts, November, 2000.
- **Merchant Commission Forum,** Senate LVIII Legislature, May 31, 2001.
- **Reactivation of the Merchant Navy,** Mexican House of Representatives, LVIII legislature, December, 2001.
- **Modernization of the Merchant Navy and the Ports,** National Chamber of the Maritime Transportation, March, 2004.

## OTHER RECOGNITIONS

- **Acknowledgment as a Law Academic for helping create the Federal Law of** *Corredores Públicos,* Association of *Corredores Publicos* in Mexico City, January, 1989.
- **Honorary Guest of the Port of Tampico,** State of Tamaulipas, October, 1993.

5

EXHIBIT 2



**AVERIGUACIÓN PREVIA: PGR/TAB/CAR-II/39/D/2007**

**C. AGENTE DEL MINISTERIO PÚBLICO FEDERAL**

**HERMILO ESCOBEDO OBRADOR, APODERADO LEGAL DE LA SOCIEDAD MERCANTIL "TRANSPORTES NAVIEROS Y TERRESTRES", S.A. DE C.V.**, ANTE USTED CON EL DEBIDO RESPETO, COMPAREZCO Y EXPONGO:

**NO DESPACHO**

SE PIDE SE GIRE OFICIO AL CAPITÁN DE PUERTO DE DOS BOCAS TABASCO A FIN DE QUE NO AUTORICE EL DESPACHO DE SALIDA DEL BARCO FAIRMOUNT GLACIER, POR LAS RAZONES JURÍDICAS SIGUIENTES:

1.- TENER ADEUDOS PENDIENTES EN MATERIA DE REMUNERACIÓN A LA TRIPULACIÓN MEXICANA, A LA FECHA Y SIENDO UN PRIVILEGIO MARÍTIMO NO DEBE DESPACHARSE LA EMBARCACIÓN REFERIDA PARA QUE NO ABANDONE LAS AGUAS MEXICANAS Y RESPONDA DE LOS CRÉDITOS DERIVADOS DE UNA CONDUCTA ILÍCITA Y DEBE PROCEDER LA REPARACIÓN DEL DAÑO PREVISTA EN EL ARTÍCULO 20 APARTADO B, FRACCIÓN IV DE LA CONSTITUCIÓN POLÍTICA DE LOS ESTADOS UNIDOS MEXICANOS.

2.- EL CAPITÁN DEL BARCO REFERIDO DEBE DECLARAR ANTE EL MINISTERIO PÚBLICO FEDERAL Y NO DEBE DESPACHARSE LA EMBARCACIÓN Y DEBE GIRARSE OFICIO DE SER NECESARIO A LA ARMADA DE MÉXICO PARA QUE NO ABANDONE LAS AGUAS MEXICANAS.

LO ANTERIOR CON FUNDAMENTO EN LOS ARTÍCULOS 8, 20 APARTADO B, 21 Y 32 DE LA CONSTITUCIÓN POLÍTICA DE LOS ESTADOS UNIDOS MEXICANOS.

LEY DE NAVEGACIÓN Y COMERCIO MARÍTIMOS, EN MATERIA DE PRIVILEGIOS MARÍTIMOS, EN SU ARTÍCULO 91 FRACCIÓN PRIMERA Y ARTÍCULO 9, QUE ESTABLECEN:

**ARTÍCULO 91.-** LOS PRIVILEGIOS MARÍTIMOS OTORGAN AL ACREEDOR PRIVILEGIADO, EL DERECHO DE SER PREFERIDO EN EL PAGO DE OTROS ACREEDORES, DE CONFORMIDAD CON LO DISPUESTO CON LA PRESENTE LEY, SEGÚN EL ORDEN SIGUIENTE:

I.- LOS SUELDOS Y OTRAS CANTIDADES DEBIDAS A LA TRIPULACIÓN DE LA EMBARCACIÓN, EN VIRTUD DE SU ENROLAMIENTO ABORDO, INCLUIDO LOS GASTOS DE REPATRIACIÓN Y LAS APORTACIONES DE SEGURIDAD SOCIAL PAGADERAS EN SU NOMBRE;

....

**ARTICULO 9.** CADA PUERTO HABILITADO TENDRÁ UNA CAPITANÍA DE PUERTO, DEPENDIENTE DE LA SECRETARIA, CON UNA JURISDICCIÓN TERRITORIAL Y MARÍTIMA DELIMITADA; CON LAS SIGUIENTES ATRIBUCIONES:

I. ABANDERAR Y MATRICULAR LAS EMBARCACIONES Y LOS ARTEFACTOS NAVALES, ASÍ COMO REALIZAR LA INSCRIPCIÓN DE ACTOS EN EL REGISTRO PUBLICO MARÍTIMO NACIONAL;

II. OTORGAR PERMISOS PARA LA PRESTACIÓN DE SERVICIOS DE TRANSPORTE MARÍTIMO DE PASAJEROS Y DE TURISMO NÁUTICO DENTRO DE LAS AGUAS DE SU JURISDICCIÓN, CON EMBARCACIONES MENORES, DE ACUERDO AL REGLAMENTO RESPECTIVO;

III. AUTORIZAR ARRIBOS Y DESPACHOS DE LAS EMBARCACIONES Y ARTEFACTOS NAVALES;

IV. VIGILAR QUE LA NAVEGACIÓN, LAS MANIOBRAS Y LOS SERVICIOS PORTUARIOS A LAS EMBARCACIONES SE REALICEN EN CONDICIONES DE SEGURIDAD, ECONOMÍA Y EFICIENCIA;

V. SUPERVISAR QUE LAS VÍAS NAVEGABLES REÚNAN LAS CONDICIONES DE SEGURIDAD, PROFUNDIDAD, SEÑALAMIENTO MARÍTIMO Y CONTROL DE TRAFICO MARÍTIMO EN SU CASO, Y DE AYUDAS A LA NAVEGACIÓN;

VI. REQUERIR LOS CERTIFICADOS E INSPECCIONAR A CUALQUIER EMBARCACIÓN, DE CONFORMIDAD CON LO ESTABLECIDO EN LAS FRACCIONES XIII Y XIV DEL ARTICULO ANTERIOR;

VII. CERTIFICAR LAS SINGLADURAS, EXPEDIR LAS LIBRETAS DE MAR E IDENTIDAD MARÍTIMA DEL PERSONAL EMBARCADO DE LA MARINA MERCANTE MEXICANA;

VIII. ORDENAR LAS MANIOBRAS QUE SE REQUIERAN DE LAS EMBARCACIONES CUANDO SE AFECTE LA EFICIENCIA DEL PUERTO; TURNAR A LA SECRETARIA LAS QUEJAS QUE PRESENTEN LOS NAVIEROS EN RELACIÓN CON LA ASIGNACIÓN DE POSICIONES DE ATRAQUE Y FONDEO, PARA QUE ESTA RESUELVA LO CONDUCENTE;

IX. COORDINAR LAS LABORES DE AUXILIO Y SALVAMENTO EN CASO DE ACCIDENTES O INCIDENTES DE EMBARCACIONES EN LAS AGUAS DE SU JURISDICCIÓN;

X. DIRIGIR EL CUERPO DE VIGILANCIA, SEGURIDAD Y AUXILIO PARA LA NAVEGACIÓN INTERIOR;

XI. REALIZAR LAS INVESTIGACIONES Y ACTUACIONES DE LOS ACCIDENTES E INCIDENTES MARÍTIMOS, PORTUARIOS, FLUVIALES Y LACUSTRES RELATIVOS A EMBARCACIONES QUE SE ENCUENTREN EN EL ÁMBITO DE SU JURISDICCIÓN, DE CONFORMIDAD CON LAS DISPOSICIONES APLICABLES DE ESTA LEY, Y ACTUAR COMO AUXILIAR DEL MINISTERIO PUBLICO PARA TALES INVESTIGACIONES Y ACTUACIONES;

XII. RECIBIR Y TRAMITAR ANTE LAS AUTORIDADES CORRESPONDIENTES LAS RECLAMACIONES LABORALES DE LOS TRIPULANTES Y LOS TRABAJADORES DE LAS EMBARCACIONES, EN EL TERMINO ESTABLECIDO EN LA FRACCIÓN II DEL ARTICULO 35 DE ESTA LEY;

XIII. IMPONER LAS SANCIONES EN LOS TÉRMINOS DE ESTA LEY; Y

XIV. LAS DEMÁS QUE LAS LEYES LE CONFIERAN.

LAS POLICÍAS FEDERALES, ESTATALES Y MUNICIPALES, AUXILIARAN A LA CAPITANÍA DE PUERTO CUANDO ASÍ LO REQUIERA, DENTRO DE SUS RESPECTIVOS ÁMBITOS DE COMPETENCIA.

EN USO DE SUS FACULTADES, EL CAPITÁN DE PUERTO ES LA MÁXIMA AUTORIDAD, POR LO QUE LE ESTARÁ PROHIBIDO SOMETER SUS DECISIONES AL CRITERIO DE LAS ADMINISTRACIONES PORTUARIAS.

CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES EN SU ARTÍCULO 117 QUE ESTABLECE:

ARTÍCULO 117.- TODA PERSONA QUE EN SUS FUNCIONES PÚBLICAS TENGA CONOCIMIENTO DE LA PROBABLE EXISTENCIA DE UN DELITO QUE DEBE DE PERSEGUIRSE DE OFICIO ESTA OBLIGADA A PARTICIPARLO INMEDIATAMENTE AL MINISTERIO PÚBLICO, TRANSMITIÉNDOLE TODOS LOS DATOS QUE TUVIERE, PONIENDO A SU DISPOSICIÓN, DESDE LUEGO, A LOS INCULPADOS, SI HUBIEREN SIDO DETENIDOS.

POR LO EXPUESTO Y FUNDADO,

A USTED C. AGENTE DEL MINISTERIO PÚBLICO, ATENTAMENTE PIDO:

ÚNICO.- GIRAR OFICIO AL CAPITÁN DE PUERTO PARA LOS EFECTOS MENCIONADOS.

**CÁRDENAS, TABASCO, VEINTIOCHO DE MARZO DE DOS MIL SIETE.**
**RESPETUOSAMENTE**

**HERMILO ESCOBEDO OBRADOR**

EXHIBIT 3

| |
|---|
| Dependencia: Dirección de |
| Averiguaciones Previas Foraneas |
| Número del oficio: 1294 |
| Expediente: DAPF-054/2007. |

ASUNTO: SE SOLICITA COLABORACION.

Villahermosa, Tab., a 2 de mayo de 2007.

M.D. ALEX ALVAREZ GUTIERREZ.
SUB-PROCURADOR DE INVESTIGACIONES
DE LA PROC. GRAL. DE JUST. EDO.
EDIFICIO.

De conformidad en los artículos 21 y 119 de la
Constitución Política de los Estados Unidos Mexicanos, así como
el Convenio de Colaboración que en materia de Procuración de
Justicia celebraron la Procuraduría General de la República,
Procuraduría General de Justicia Militar, Procuraduría General
de Justicia del Distrito Federal y las Procuradurías Generales
de Justicia de las Entidades Federativas del País, el día 27 de
abril del año 2001, en la Ciudad de Cancún, Quintana Roo, 46 del
Código de Procedimientos Penales en vigor en esta Ciudad de
Villahermosa, Tabasco, México, solicito a Usted, tenga a bien
solicitar la colaboración al **Director General de Políticas
Públicas y Coordinación Internacional de la Procuraduría General
de la República**, para que gire sus instrucciones a quien
corresponda, realice los trámites pertinentes efectos de que
sean notificados los CC. **CAPITAN JAN WEERMAN**, CEO; **CRISTIJN SARVAAS**, CFO, quienes pueden ser notificados en el
siguiente domicilio **VISIT/COURIER ADDRESS: FAIRMOUNT MARINE B.V.
BEURSPLEIN 37, WORLD TRADE CENTER-16TH FLOOR -SUITE 1459 3011 AA
ROTTERDAM, THE NETHERLANDS, TELEPHONE: +31 10 405 1290, FAX: +31
10 405 5029, CORREO ELECTRONICO FAIRMOUNT@FAIRMOUNT.NL.**

Lo anterior para que las citadas personas **CAPITAN
JAN WEERMAN; PHILIP ADKINS**, CEO; **CRISTIJN SARVAAS**, CFO, se
presenten ante esta Dirección de Averiguaciones Previas Foraneas
de la Procuraduría General de Justicia del Estado de Tabasco,
con domicilio en la Segunda Planta del Edificio ubicado en Paseo
Usumacinta número 802, Código Postal 86070 de la colonia Aquila
de esta Ciudad de Villahermosa, Tabasco, a la brevedad posible
a partir del momento en que reciba la notificación, para llevar
a cabo una diligencia conciliatoria en términos del artículo 121
del Código de Procedimientos Penales vigentes en el Estado de
Tabasco, México, y en caso de no llegar a ningún arreglo, rindan
su declaración ministerial en relación a los hechos que se
investigan.

Adjunto se remite copia cotejada del acuerdo
recaído en autos de la indagatoria en mención.

A T E N T A M E N T E
"SUFRAGIO EFECTIVO/ NO RREDECCION"
EL C. AGENTE INVESTIGADOR DEL MINISTERIO PUBLICO
ADSCRITO A LA DIRECCION DE AVER. PREV. FORANEAS.

LIC. LUIS ALFONSO GARCIA CUERDO.

0 2 MAG 2007

C.c.p. La Averiguación Previa
hhs/L'LAGC**

EXHIBIT 4



Lic. Enrique de Jesús Aguilar Urcelay
Notaría Pública No. 14 del Estado
y del Patrimonio Inmueble Federal
Coatzacoalcos, Ver.

------------------VOLUMEN LXX SEPTUAGESIMO------

---------------------------TOMO I PRIMERO------

--------------------INSTRUMENTO NUMERO 8,419--------

-------------OCHO MIL CUATROCIENTOS DIECINUEVE-------------

En la ciudad de Coatzacoalcos, Estado de Veracruz siendo las (12,00) doce
horas del día (1°) primero de Julio del año (2002) dos mil dos.-Yo,
**ENRIQUE DE JESUS AGUILAR URCELAY**, Abogado y Notario
Público Titular de la Notaría Pública Numero Catorce de esta Demarcación
Notarial del Estado y del Patrimonio Inmueble Federal --------------------------

-------------------------------HAGO CONSTAR-------------------------------

**EL CONTRATO DE COMPRAVENTA,** que celebran por una parte la
Empresa denominada "OCEANOGRAFIA" SOCIEDAD ANONIMA
DE CAPITAL VARIABLE, representada en este acto por sus Apoderados
los señores VIRGINIO VALENTIN ANGELES DINO Y AMADO
OMAR YAÑEZ OSUNA como **"VENDEDORES"** y la Empresa
**TRANSPORTES NAVIEROS Y TERRESTRES",** SOCIEDAD
ANONIMA DE CAPITAL VARIABLE como **"COMPRADORA",**
representada en este acto por a su Apoderado General el señor HERMILO
ESCOBEDO OBRADOR de conformidad con los siguientes Antecedentes y
Cláusulas --------------------------------------------------------------------------------

-------------------------A N T E C E D E N T E S.-----------------------------

**PRIMERO.-** Declaran los señores **VIRGINIO VALENTIN
ANGELES DINO Y AMADO OMAR YAÑEZ OSUNA,** que su
representada es propietaria del Barco denominado "Caballo Azteca", antes
M.V. deepwater Supli I; Sociedad de Clasificación Clase: Rina Anotación
100-A-1.1-Naav IL, Ap, DYNAPOS AM/AT R (Clase 2).- Construido
1987 por Kherson Shipyard, Ukrania, con Bandera: mexicana; Lugar de
Registro: Ciudad del Carmen, Campeche, México Señal Distintiva: XCUB-
Con número de registro: 0401128735-3, (mismo que en lo sucesivo será
llamado como el Barco") según Escritura Pública Número ochocientos sesenta y
seis de fecha cuatro de Diciembre del dos mil uno, otorgada en la Ciudad del
Carmen, Campeche, ante la fe del Licenciado Gonzalo Vadillo Espinosa,
Notario Público Número Catorce, de esta ciudad y cuyo primer testimonio se
encuentra inscrito en el registro publico maritimo nacional de la Cuidad del

Carmen Campeche, bajo el numero 1,721 mil setecientos veintiuno, del ramo
de Buques; partida numero 7439. Documento que doy fe de tener a la vista y
devuelvo al interesado.-Para la interpretación del presente contrato: las partes
utilizan las siguientes definiciones" *Día de Banco*" son días en los cuales los
bancos están abiertos ambos en el país de las monedas estipuladas en el precio
de compra en la Cláusula 2 y en el lugar de cierre en la cláusula 9.------------
"*Escrito*" o "*Por escrito*" significa una carta escrita registrada, telex,
telefax u otra forma moderna de comunicación escrita.-----------------------
Estando ambas partes de acuerdo en las cláusulas siguientes.------------------
-------------------------------*C L A U S U L A S*-------------------------------
*PRIMERA.-* La Empresa denominada "*OCEANOGRAFIA*"
*SOCIEDAD ANONIMA DE CAPITAL VARIABLE*, representada en
este acto por sus Apoderados Generales los señores *VIRGINIO
VALENTIN DINO Y AMADO OMAR YAÑEZ OSUNA*
"*VENDE*" y la Empresa denominada "*TRANSPORTES NAVIEROS
Y TERRESTRES*" *SOCIEDAD ANONIMA DE CAPITAL
VARIABLE*, representada por su Apoderado General el señor HERMILO
ESCOBEDO OBRADOR, *COMPRA* el Barco denominado "*Caballo
Azteca*", antes M.V. Deepwater Supli I; el cual ya ha sido descrito en el
antecedente primero del proemio de este instrumento y que en esta cláusula se
tiene por reproducido como si se insertase a la letra.------------------------
*SEGUNDA.-* El precio de compra venta del bien mueble objeto de esta
operación es de US$10,000,000.00 (DIEZ MILLONES 00/100
DOLARES AMERICANOS.----------------------------------------------
*TERCERA.-* La forma de Pago, será la siguiente: El precio de compra
deberá ser pagado de la siguiente manera: $2,000,000.00 (DOS
MILLONES 00/100 DE DOLARES AMERICANOS), el 30 de enero
de 2003; $2,000,000.00 (DOS MILLONES 00/100 DE DOLARES
AMERICANOS), el 30 de mayo de 2003; $2,000,000.00 (DOS
MILLONES 00/100 DE DOLARES AMERICANOS, el 30 de
septiembre de 2003; $2,000,000.00 (DOS MILLONES 00/100 DE
DOLARES AMERICANOS), el 30 de enero de 2004; y $2,000,000.00
(DOS MILLONES 00/100 DE DOLARES AMERICANOS), el 31 de
mayo de 2004; estos pagos deberán ser libres de todo cargo bancario y



*Lic. Enrique de Jesús Aguilar Urcelay*
*Notaria Pública No. 14 del Estado*
*y del Patrimonio Inmueble Federal*
*Coatzacoalcos, Ver.*

depositados en la cuenta BBVA Bancomer, Sociedad Anónima en dólares americanos número 0444787617 plaza 970 de ciudad del Carmen, Campeche. ------------------------------------------------------------------------

El Barco será entregado cuando este físicamente listo para ello de acuerdo a los términos y condiciones de éste contrato y después de haberse notificado su entrega de acuerdo a la Cláusula 6 de este contrato. --------------------------------

**CUARTA.**- Los COMPRADORES HAN INSPECCIONADO El Barco en el estado en que se encuentra, después de esta inspección la venta es indiscutible y definida, sujeta solamente a los términos y condiciones de este contrato. ------------------------------------------------------------------------------

**QUINTA.- Notificaciones, tiempo y lugar de entrega.** --------------

a) Los vendedores comunicarán a los compradores con 3 días de anticipación el tiempo estimado en que ellos estarán listos para entregar el Barco a los compradores.-------------------------------------------------------------------------

Cuando los vendedores estén listos para efectuar la entrega del Barco de acuerdo con este contrato, los vendedores por escrito, notificarán la fecha en que estén listos para la entrega. -----------------------------------------------------------

El Barco deberá ser entregado en forma segura y a flote a los compradores en cualquier puerto del Golfo de México. -----------------------------------------------

b) Fecha de entrega los vendedores transmiten la propiedad, uso, goce y disfrute del Barco, libre de todo gravamen, el 30 de julio de 2002. -----------------------

**SEXTA.**- Los vendedores deberán entregar el Barco a los compradores con todo lo que le pertenece a bordo y en la costa, todas las partes de repuesto y equipo incluyendo respuesta de eje(s) de cola y/o repuesto propel(s), pala(s) de propela, si algo pertenece al Barco en el momento de inspección usado o no usado a bordo será propiedad de los compradores. --------------------------------

Los vendedores no requieren reemplazar las partes de repuesto incluyendo eje(s) de cola y partes de repuesto de la propela(s), pala(s) de la propela lo cual esta tomado fuera de las partes de repuesto y usado como reemplazo previo a la entrega, pero los artículos remplazados serán propiedad de los compradores. La instalación de radio y el equipo de navegación serán incluidos en la venta sin pago extra. Inventarios y provisiones no usados serán incluidos en la venta y serán tomados por los compradores sin pago extra. -----------------------------

Los vendedores tienen derecho a desembolsar loza, platos, cuchillería, línea

blanco y otros artículos que tengan estampada la bandera o el nombre de los vendedores, reemplazándolos por artículos similares sin marca. Libros, formas, etc., para uso exclusivo de los vendedores, pueden ser excluidos sin compensación. Las cosas personales del Capitán, Oficiales y personal de tripulación incluyendo la mercancía para venta a la tripulación son excluidos de la venta------------------------------------------------------------------

Los compradores tomarán la existencia de combustible y aceites lubricantes no usados en tanques de almacenamiento y tambores sellados --------------------

**SEPTIMA**.- La Documentación .- El lugar de cierre: será en la Ciudad del Carmen, Campeche, México.- A cambio del pago del precio total de compra, los vendedores proveerán a los compradores con la entrega de los documentos a saber: ----------------------------------------------------------------------

a).- Documento legal de la venta en la forma usual en México (el país en el cual los compradores estén para vender el Barco), garantizando que el Barco está libre de todo impedimento, hipotecas y embargos marítimos o cualquier otra deuda o reclamo en lo absoluto, debidamente certificado por notario y legalizado por el cónsul del país o autoridad competente.-----------------

b).- El certificado actual de los amarradores emito por las autoridades competentes del estado de la bandera del Barco -----------------------------------

c).- Certificado de matrícula emitido por las autoridades portuarias competente.------------------------------------------------------------------------

d).- Certificado actual emitido por autoridades competentes certificando que el barco esta libre de impedimentos registrados------------------------------------

e)Cualquier documento adicional que pueda ser razonable requerido por las autoridades competentes con el propósito de registrar el Barco, los compradores notificaran a los vendedores de algún documento tan pronto como sea posible después de la fecha de este convenio------------------------------------------------

Al tiempo de la entrega los compradores y los vendedores firmaran y entregaran a cada uno un Protocolo de Entrega y Aceptación, confirmando la fecha y hora de entrega del Barco de los vendedores a los compradores ------

Al tiempo de la entrega los vendedores entregaran a los compradores el Certificado de Clasificación así como todos los planos, etc., los cuales están a bordo del Barco.- Otros certificados los cuales están a bordo del Barco también pasaran a manos de los compradores a menos que los vendedores



*Lic. Enrique de Jesús Aguilar Urcelay*
*Notaría Pública No. 14 del Estado*
*y del Patrimonio Inmueble Federal*
*Coatzacoalcos, Ver.*

requieran retener los mismos, en tal caso los compradores tienen derecho a tomar copia.------------------------------------------------------------------

Otra documentación técnica que puede estar en posesión de los vendedores será enviada rápidamente a los compradores a su costo así se requiere.-Los vendedores pueden mantener los libros de bitácoras del Barco pero no los compradores tienen el derecho de tomar las copias de los mismos-----------

**OCTAVA.-**Los vendedores garantizan que el Barco, a la hora de la entrega, esta libre de todo impedimento, hipoteca y embargos marítimos o absolutamente cualquier otra(s) deuda (s).- los vendedores aquí se comprometen a indemnizar a los compradores contra todas las consecuencias de reclamaciones hechas contra el Barco en las cuales haya incurrido previos al momento de la entrega ---------------------------------------------------

**NOVENA.-**Los impuestos cuotas o gastos en conexión con la compra y registro bajo la bandera del comprador, será por cuenta de los compradores.-Los conceptos similares en conexión con la venta de la embarcación por parte de los vendedores, deberá ser por cuneta de los vendedores.------------------

**DECIMA.-**La entrega del Barco con cada cosa que le pertenezca será a costa y riesgo de los vendedores sujeto a los términos y condiciones de este convenio, será entregado y recibido como esta por los compradores, en base a lo señalado en la cláusula 5 -----------------------------------------------

**DECIMA PRIMERA.-**Los vendedores no tienen ningún inconveniente en que los compradores continúen utilizando el mismo nombre del Barco (CABALLO AZTECA) y logotipo hasta que se liquide totalmente la operación de compra- venta ------------------------------------------------

**DECIMA SEGUNDA.-**Si el primer pago no es efectuado por los compradores en la fecha estipulada en la cláusula 3, o sea el 30 de enero del 2003, los vendedores tienen el derecho de cancelar este contrato sin resolución judicial alguna y estarán autorizados para exigir la compensación por sus perdidas y todos los gastos en que hayan incurrido con sus respectivos intereses en que una tasa del LIBOR mas 4 puntos, además de la devolución inmediata de la embarcación.----------------------------------

Si el precio de compra no se paga de acuerdo a la cláusula 3, los vendedores tienen el derecho de cancelar el convenio.---------------------------------------

Si los pagos que se hayan realizado al momento de la cancelación del

presente contrato, no cubre sus pérdidas, los vendedores estarán autorizados a exigir mas compensación por estas pérdidas y por todos los gastos incurridos con sus correspondientes intereses a una tasa del LIBOR mas 4 puntos.------------------------------------------------------------------------------------

**DECIMA TERCERA.**-Si los vendedores no notifican su disposición de acuerdo a la Cláusula 5 inciso b, o no están listos para validar completamente una transferencia legal en la fecha estipulada en la Cláusula 5 inciso b segundo párrafo, los compradores tendrán la opción de cancelar Este convenio previendo siempre que los vendedores deberán conceder un máximo de 3 días hábiles después de notificar, que su disposición ha sido dad para hacer arreglos en la documentación fijada en la cláusula 7. Si después que la notificación haya sido dada pero antes que los compradores realicen la entrega, el Barco deja de estar físicamente listo para entregar y no estuvo listo nuevamente en cualquier aspecto para la fecha estipulada en la cláusula 5 inciso b) segundo párrafo, darán una nueva notificación de disposición, los compradores mantendrán su posición de cancelar. Si los vendedores incumplen en la notificación de la fecha estipulada en la cláusula 5 inciso b) segundo párrafo, o no están listo para validar completamente una transferencia legal como se menciona anteriormente, ellos harán la debida compensación a los compradores por sus pérdidas y todos los gastos junto con los intereses si su pérdida es debidamente comprobada por negligencia y si o no los compradores cancelan este convenio--------------------------------------------

**DECIMA CUARTA**.-Después de que este convenio haya sido firmado por ambas partes, los compradores tienen el derecho para poner representantes a bordo del Barco a su propio costo y riesgo como lo establece la cláusula 16.------------------------------------------------------------------------------------

**DECIMA QUINTA**.-Al momento que Transporte Navieros y Terrestre, Sociedad Anónima de Capital Variable, Coloque su tripulación a bordo del Barco, esta estará bajo costo y riesgo de los compradores y mantendrán a los vendedores como co-asegurados bajo su póliza de seguro hasta la entrega -----

**DECIMA SEXTA.**-Los vendedores en el cierre darán a los compradores todo los planos, diseños, especificaciones, garantías y record de servicio y/o manuales en su posesión los cuales relatan de alguna forma la manufactura, venta, instalaciones y modificaciones de la operación del sistema DP,



*Lic. Enrique de Jesús Aguilar Urcelay*
*Notaría Pública No. 14 del Estado*
*y del Patrimonio Inmueble Federal*
*Coatzacoalcos, Ver.*

incluyendo en particular los documentos preparados por Kong........
Thruster Systems B.V -------------------------------------------------------------

**DECIMA SEPTIMA.-** Este convenio puede ser regido e interpretado de acuerdo a las Leyes Mexicanas y ambas partes se someten a la jurisdicción de los tribunales de la Ciudad del Carmen Campeche, México, renunciando a cualquier fuero que pudiera corresponderle por razón de domicilio presente o futuro,, señalando como domicilio para oir y recibir cualquier tipo de documento y/o notificación relacionadas con el presente contrato, los siguientes: el de la parte VENDEDORA, avenida cuatro oriente, manzana "S" Lote 3, Puerto Industrial Pesquero Laguna Azul, código postal 24140, de la Ciudad del Carmen, Campeche.-El de la parte COMPRADORA Calle Miguel Lerdo Numero mil ocho, esquina Francisco Javier Mina, de la Colonia Centro, Código Postal numero 86600, de Paraíso Tabasco.---------------------------------------------------------------------

------------------------------- *G E N E R A L E S*-------------------------------

Los comparecientes bajo protesta de decir verdad manifiestan ser - El señor **VIRGINIO VALENTIN ANGELES DINO**, quien se identifica con su credencial de elector con número de folio 128007407, mexicano, originario de Ciudad Cárdenas San Luis Potosí, nacido el veintiuno de Mayo de mil novecientos cuarenta y tres, casado, con domicilio en la Avenida Eugenio H. Castelot 84 de la colonia Revolución de ciudad del Carmen, Campeche, aquí de paso contador publico y al corriente en el pago del impuesto sobre la renta sin demostrármelo --------------------------------------

El señor **AMADO OMAR OSUNA YAÑEZ**, quien se identifica con su Pasaporte con número MEX - 963300119823, mexicano, originario de México, Distrito Federal, nacido el cinco de Enero de mil novecientos sesenta y cinco, casado, empresario, con domicilio en Privada de Monte Bello numero catorce de la Colonia Miami de ciudad del Carmen, Campeche, aquí de paso y al corriente en el pago del impuesto sobre la renta sin demostrármelo ---------------------------------------------------------------------

El señor **HERMILO ESCOBEDO OBRADOR**, quien se identifica con su credencial de elector con número de folio 001909139, mexicano, originario de Ciudad del Carmen, Campeche, nacido el veintitrés de Febrero de mil novecientos cincuenta y seis, casado, empleado, con domicilio en calle



treinta y cinco, numero ciento veinticuatro, colonia Tila de la ciudad de su origen, aquí de paso y al corriente en el pago del impuesto sobre la renta sin acreditarlo ------------------------------------------------------------------

YO, EL NOTARIO CERTIFICO Y DOY FE ------------------------

I.- Que los comparecientes se identificaron con las credenciales oficiales que antes se han descrito y que devuelvo a los interesados por necesitarlas para otros usos, aptos y capaces para este acto sin que nada me conste en contrario-

II.- Que lo relacionado y trascrito concuerda fiel y exactamente con sus originales que tuve a la vista y a los que me remito.------------------------

III.- Que leí a las interesadas esta escritura a quienes expliqué su valor y fuerza legal y bien impuestos la aprobaron y firmaron en mi presencia hoy día primero del mismo mes de su fecha ------------------------------------

----------------------------------- DOY FE ----------------------------

Sr. Virginio Valentín Ángeles Dino.- Firmado.- Sr. Amado Omar Yánez Osuna.- Firmado.- Sr. Hermilo Escobedo Obrador.- Firmado -Ante mi, Doy Fe.- Lic. Enrique de Jesús Aguilar Urcelay. Firmado. Sello Notarial de Autorizar.------------------------------------------------------

AUTORIZO esta escritura hoy día (18) dieciocho de Mayo del presente año, en que fue firmada por las comparecientes. DOY FE. Lic. Enrique de Jesús Aguilar Urcelay. Firmado. Sello Notarial de Autorizar ------------

---------------------- I N S E R C I O N E S ------------------------

-------------------------PERSONALIDAD------------------------

LA PARTE VENDEDORA: Los señores Contador Publico VIRGINIO VALENTIN ANGELES DINO e ingeniero AMADO OMAR YAÑEZ OSUNA acreditan su personalidad de Apoderados de la Empresa "OCEANOGRAFIA" SOCIEDAD ANONIMA DE CAPITAL VARIABLE, el primero de ellos con la Escritura Publica Numero CIENTO CUARENTA Y OCHO, de fecha ocho de Abril de mil novecientos noventa y ocho, otorgada en ciudad del carmen. Campeche, ante la fe del Licenciado JOSE FELIPE PEREIRA ZAPATA, Notario Publico Numero Uno, de esta ciudad y cuyo primer testimonio se encuentra Inscrito en el Registro Publico de Comercio en le folio mercantil numero 17346, en la ciudad de Mexico Distrito Federal, el veintisiete de Abril de mil Novecientos noventa y ocho y que contiene el acta de Asamblea General

*Lic. Enrique de Jesús Aguilar Urcelay*
*Notaría Pública No. 14 del Estado*
*y del Patrimonio Inmueble Federal*
*Coatzacoalcos, Ver.*

*fecha* -------------------------------------------------------------------

NOTA UNO. EL PRIMER TESTIMONIO SE EXPIDIO DEL

DIA PRIMERO DE JULIO DEL DOS MIL DOS --------------------

ES SEGUNDO TESTIMONIO DEDUCIDO DE SU MATRIZ

EXISTENTE EN EL PROTOCOLO DE ESTA NOTARIA

NUMERO CATORCE A MI CARGO, VA EN SEIS FOJAS

UTILES, DEBIDAMENTE COTEJADAS CORREGIDAS

ESCRITAS CON TINTA FIJA, QUE EXPIDO PARA USO DE

LA PARTE INTERESADA, EN LA CIUDAD DE

COATZACOALCOS, VERACRUZ A LOS ONCE DIAS DEL

MES DE NOVIEMBRE DEL AÑO DOS MIL DOS ------------------

-----------------------------------DOY FE.--------------------------

El Notario Número Catorce

Del Estado y del Patrimonio Inmobiliario Federal

LIC. ENRIQUE DE JESUS AGUILAR URCELAY

(AUUE360416-AE8)

"Cabollo Azteco"

PEGISTRO PUBLICO MARITIMO NACIONAL

Ciudad del Carmen, Camp., a 27 de Octubre de 2005

Registrado en el Folio Maritimo No. 1721 del RAMO DE BUQUE

Partida No. 8211 Derechos $281.00 Beb. a No. 62450002249099

de Fecha 25/Nov/05 Registro de Caja No. Banamex S.A. de fecha

S

C

T

Con fundamento en el Art. 8° Fracc. I
lo Ley de Navegación

Francisco de J. Riveros Garcia.

COORDINACION GENERAL DE PUERTOS Y MARINA MERCANTE
DIRECCION GENERAL DE CAPITANIAS
CAPITANIA DE PUERTO REGIONAL
DEPARTAMENTO REG. PUB. MARIT. NAL
CD. DEL CARMEN, CAMPECHE

EXHIBIT 5



EXHIBIT 6



EXHIBIT 7

Dependencia: PROCURADURIA GRAL
DE JUSTICIA EN EL ESTADO

DIR.DE AVER.PREVIAS FORANEAS

Numero del Oficio: 251

Av.Previa: DAPF-66/2007

ASUNTO: REQUERIMIENTO

Villahermosa, Tab; a 12 de abril de 2007

C. CAPITAN JORGE ROJANO RODRIGUEZ
CAPITAN DEL PUERTO "DOS BOCAS"
PARAISO, TABASCO.

Por este conducto le hago saber que en
los Autos Ministeriales DAPF-66/2007, radicado por
denuncia presentada por el ciudadano HERMILO ESCOBEDO
OBRADOR, Apoderado de la Sociedad Mercantil TRANSPORTES
NAVIEROS Y TERRESTRES SA DE CV, por hechos de posible
caracter delictuoso, recayo un acuerdo que copiado a la
letra dice; "Visto el estado que guardan las presentes
diligencias de averiguacion previa y tomandose en
consideracion lo solicitado en su escrito de denuncia de
hechos por el ciudadano HERMILO ESCOBEDO OBRADOR,
Apoderado de la Sociedad Mercantil denominada TRANSPORTES
NAVIEROS Y TERRESTRES SA DE CV, requierase al Capitan
JORGE ROJANO RODRIGUEZ, Capitan de Puerto de Dos Bocas,
Paraiso, Tabasco a efectos de los privilegios maritimos
en terminos de articulo 90 penultimo Parrafo, de la Ley
de Navegacion y Comercio Maritimo que define: "QUE LAS
POLICIAS FEDERALES, ESTATALES Y MUNICIPALES, AUXILIARAN
A LA CAPITANIA DE PUERTOS CUANDO ASI LO REQUIERA DENTRO
DE SUS RESPECTIVOS AMBITOS DE COMPETENCIA, DE IGUAL FORMA
EL ARTICULO 9, EN SU FRACCION XI DEL CITADO ORDENAMIENTO
LEGAL, SEÑALA QUE EL CAPITAN DEL PUERTO ACTUA COMO
AUXILIAR DEL MINISTERIO PUBLICO PARA LAS INVESTIGACIONES
Y ACTUACIONES"... En atencion a lo anterior el Capitan
del barco AHT FAIRMOUNT GLACIER, es el responsable que
de abordo la primera autoridad como lo establece el
articulo 27 de la Ley de Navegacion y Comercio Maritimo,
en consecuencia con fundamento en el articulo 14 del
Codigo de Procedimientos Penales vigente en el Estado de
Tabasco, en relacion al 11 del mismo ordenamiento legal
antes invocado, requierase al Capitan JORGE ROJANO
RODRIGUEZ, Capitan del Puerto de Dos Bocas del Municipio
de Paraiso, Tabasco, para que por su conducto y dentro de
las facultades antes descritas notifique al capitan del
barco AHT FAIRMOUNT GLACIER, para que se presente ante
esta autoridad el dia sabado catorce de abril del dos mil
siete, a las diez horas a efectos de llevar a cabo una
diligencia de caracter penal que amerita su presencia.

debiendo venir acompañado en caso de no hablar el idioma español de un interprete y de su tripulacion. Lo anterior, con fundamento legal en los articulos 60, 61 y 62 del Codigo de Procedimientos Penales en vigor. En caso al acuerdo en comento se solicita al capitan del puerto de Dos Bocas, Paraíso, Tabasco, para que no despache la embarcacion ABU FAIRMOUNT GIBALTAR, en termino de lo dispuesto en los articulos 49 y 78 de la Ley de Navegacion y Comercio Maritimo, asi como para los efectos del pilotaje se notifique a los pilotos de puertos de no dar el servicio de maniobras de salida del barco antes mencionado hasta en tanto el capitan del barco de cuestion de cumplimiento a lo solicitado en el requerimiento solicitado y conforme a la Ley de Navegacion y Comercio Maritimo, lo que hago de su conocimiento para los fines y efectos legales a que haya lugar.-----------------------------------------------

A T E N T A M E N T E

EL C. AGENTE INVESTIGADOR DEL MINISTERIO PUBLICO
ADSCRITO A LA DIRECCION DE AVER. PREVIAS FORANEAS.

LIC. LUIS ALFONSO GARCIA CUPIDO

c.c.p. el Lic. GUSTAVO TORRES GONZALEZ, Director de la Policia Ministerial en el estado, para que con fundamento en lo dispuesto por los articulos 16, 11 parrafo primero del Codigo de Procedimientos Penales en vigor y 20 de la Ley Organica de esta Procuraduria general de Justicia, ordene el traslado del requerimiento, debiendo adjuntar el acuse de recibido y el informe correspondiente.