UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
TRANSPORTES NAVIEROS Y :
TERRESTRES, S.A. DE D.V., :
 :
            Plaintiff, :
 : 07-CV-3076(LAP)
- against - :
 :
FAIRMOUNT HEAVY TRANSPORT N.V., :
 :
            Defendant, :
---------------------------------------- X

## DECLARATION OF ADRIAAN EGGENS

I, ADRIAAN EGGENS, testify as follows:

1. I am the managing director of the Niestern Sander Repair yard in Farmsum/Delfzijl, Holland. I have been employed in this position since 2006 and was in charge of the project for repairs and modifications to the CABALLO AZTECA.

2. The CABALLO AZTECA was in our shipyard for approximately four years. Over this time, engineering work was performed for modifications to the vessel and the vessel underwent substantial repairs. By November 2005, a significant amount of work on the vessel had already been done, and it was anticipated that the work could be completed within approximately three or four months.

3. The shipyard suspended its work on the CABALLO AZTECA on November 11, 2005. We reached this decision immediately after the arrest was effected against the vessel on November 10, 2005. In our business, it is generally a very bad sign when a vessel on which we are performing repairs is arrested. This raises serious concerns about whether the shipyard will be paid. The arrest of the CABALLO AZTECA triggered our decision to stop work.

4. Our decision to suspend work remained in effect until January 21, 2006. On this date, we decided we were willing to resume work on the CABALLO AZTECA. At some time after the arrest and our suspension of work, we made a demand upon owners for a substantial payment. After the arrest, we required payment in advance before any work on the vessel would be performed. This had not been our policy before the arrest. Owners came up with the money we demanded on or about January 21, and this caused us to believe that, even though the vessel remained under arrest, we would be paid in full for our work. We therefore agreed to resume working on the CABALLO AZTECA.

5. Due to other projects at the shipyard, however, it took several weeks from the time we reached this decision before work on the CABALLO AZTECA could resume in earnest.

6. The work was completed and the vessel left the shipyard on or about July 27, 2006. I estimate that the work stoppage delayed completion of repairs to the vessel by approximately four months.

In accordance with 28 U.S.C. §1746, I attest under penalty of perjury under the laws of the United States that the statements above are true and correct to the best of my knowledge.

Signed this ___ day of May, 2007.

ADRIAAN EGGENS