UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.

          Plaintiff,

    -against-                              07 CV 3076 (LAP)

FAIRMOUNT HEAVY TRANSPORT N.V.,

          Defendant.
-------------------------------------------------------X

## DECLARATION OF PHILIP JEFFREY ADKINS
## IN SUPPORT OF MOTION TO VACATE ATTACHMENT

Philip Jeffrey Adkins declares under penalty of perjury of the laws of the United States of America as follows:

1. I, Philip Jeffrey Adkins, a citizen of the United States of America, am currently employed as the Chief Executive Officer of Fairmount Heavy Transport (FHT). I have been CEO since May 2006.

2. FHT is a Dutch company (NV). FHT is publicly traded on the Oslo Stock Exchange and currently has approximately 280 shareholders representing a wide range of institutional investors and private individuals. I have attached as Exhibit "1" a copy of the company's most recent published quarterly accounts.

3. FHT owns two semi-submersible barges, the Fjord and the Fjell. These are the only assets of the company.

4. FHT does not own any other vessels either directly or indirectly.

5. I have reviewed Plaintiff's Complaint, Opposition to Motion to Vacate, and Plaintiff's seven declarations. Plaintiff has alleged that a FHT vessel was arrested in Mexico and

that FHT is the defendant in two Mexican criminal proceedings. Plaintiff has further alleged that the Mexican criminal proceedings were against FHT and were filed to resolve an underlying dispute with FFT concerning the arrest of CABALLO AZTECA in Holland. Plaintiff's allegations are false based on the following undisputable facts.

6. I have never been to Mexico. Neither of FHT's two vessels (Fjord, Fjell) have ever been to Mexico. Neither of FHT's vessels have ever sailed in Mexican territorial waters. FHT does not now own, nor has it ever owned or operated, nor does it have any interest in a vessel named FAIRMOUNT GLACIER, which is the vessel Plaintiff has alleged it arrested in Mexico.

7. I have been provided with English translations of Mr. Olvera's Exhibits 2 and 3, which he represented are two criminal complaints filed by Plaintiff in Mexico. Even a cursory review of these documents reveals that FHT is never once mentioned and has not been sued in Mexico. Mr. Olvera's Exhibit 2 names the vessel FAIRMOUNT GLACIER, in which FHT has no stake, and which states at Paragraph One that that Vessel should not be authorized port clearance because "It has outstanding debts by way of remuneration of the Mexican crew at the present time." Such an allegation cannot possibly be related to events in Holland and bears no relationship with the attachment of FHT's assets in New York.

8. Likewise, a review of Olvera's Exhibit 3 reveals that FHT is not named in the "Request for Assistance", but instead names a company named "FAIRMOUNT MARINE B.V." There is no indication in either of Plaintiff's Mexican "complaints" that FHT is a party or that the underlying claim relates in any way to the arrest of Plaintiff's vessel in Holland.

9. FHT has retained Fairmount Marine to provide various maritime management services pursuant to a written management agreement. I attach that agreement as Exhibit 2. I



understand that Fairmount Marine is a privately held company and that it owns a number of tugboats. I further understand that Fairmount Marine provides maritime management services not only to us but also to a number of other companies as well. I have never been an officer, director, employee, consultant of Fairmount Marine, nor have I had any arrangement with Fairmount Marine other than what is provided for in the management agreement between FHT and Fairmount Marine. Fairmount Marine provides services to us strictly as an independent contractor.

I, Philip Jeffrey Adkins, pursuant to 28 U.S.C § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed:   May 10, 2007

_____
Philip Jeffrey Adkins