UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.,

          Plaintiff,          07 CV 3076 (LAP)

-against-

FAIRMOUNT HEAVY TRANSPORT N.V.,

          Defendant.
------------------------------------------------------X

## SECOND DECLARATION OF ARTURO ARISTA

### I. QUALIFICATIONS

1.      My name is Arturo Arista. I am an attorney admitted to practice in Mexico. I have been admitted to practice in Mexico since December 1998. Before that, since 1994, I conducted legal work under the supervision of a lawyer. I read law at the Instituto Tecnológico Autónomo de México (ITAM) from 1992 to 1997. I studied the Certificate of Insurance Practice at the London Metropolitan University in 2003 in the UK. I obtained the Diploma in Insurance by the Charterers Insurance Institute of the UK in the year 2004. I joined the law-firm of Garza Tello & Asociados in 1996 and became a partner in 2002. Ever since, I have been practicing Civil, Commercial, Maritime and Insurance Law. I have lectured in international seminars in the US, UK and Latin America. I have been appointed as an expert in Mexican law in various lawsuit in the US.

2.      I have represented clients in hundreds of complex matters involving Mexican law. I have expertise by education, experience, and training in the substantive and procedural laws of Mexico. I have experience and expertise in the interpretation of the Mexican statutes referred to by the Motion currently before the Court.

3.      This Declaration is based upon my knowledge of Mexican law as well as information supplied to me by the legal counsel to Defendant.

### II. MATERIALS REVIEWED

4.      I have been provided with copies of the following documents:

A)      Plaintiff TNT's Memorandum of Opposition;
B)      Declaration of Omar Olvera de Luna;
C)      Criminal Complaint filed at the offices of the Federal District Attorney in Villahermosa, Tabasco, México.

5.      Based on the aforementioned materials and the information provided to me, I make this Declaration based upon my personal knowledge and legal research.

III.  **MEXICAN CRIMINAL AND MARITIME LAW**

6.      Plaintiff refers to criminal proceedings that allegedly are pending in Mexico in respect to a wrongful arrest of a vessel, and so does Mr. Olvera, however, the complaint filed at the offices Federal District Attorney which was attached to the Declaration of Mr. Olvera and of which he declared that damages are claimed, *refer to alleged salaries owed to the crew*. No specific relief for damages is requested but only the detention of the vessel "Fairmont Glacier".

7.      Mr. Olvera also refers to another criminal complaint filed at the offices of the State District Attorney in Tabasco and declares that he attached said complaint. The truth is, however, that he attached a letter from said District Attorney to the general offices of the State Public Prosecutors to assist them in informing three persons to assist to a conciliatory meeting. Mr. Olvera did not attach such alleged complaint. The logical inference to be drawn is that he did not provide this Court with the complaint because it does not refer to a wrongful arrest or a prayer for damages, but rather to alleged lack of payment of salaries to the crew.

8.      The complaint attached by Mr. Olvera does not make reference at all to the Defendant and neither the letter referred in the above point 8. The above declarations of Mr. Olvera are seriously misleading since he avoids making any reference to the fact that a complaint is not a legal action or the fact that the investigations performed by a District Attorney have an administrative nature and are not part of what is known as a Criminal Action. No Criminal Action is pending in Mexico and Mr. Olvera avoids referring to this subject since he knows this is right.

9.      To support the above, following is a loose translation of articles 1 and 4 of the Federal Rules of Criminal Proceedings:

10.     Article 1.  *This Code refers to the following proceedings:*
        I.  *The one referring to the Previous Investigations up to the consignment to the tribunals, which establishes the actions that are legally necessary for the District Attorney **to determine if it prosecutes a Criminal Action or not.*** (emphasis added)

11.     Filing a criminal complaint as Plaintiff did in Mexico and any investigation in that respect is part of a proceeding named Previous Investigations (*Averiguación Previa*). If enough elements to prove that a crime has been committed, the District Attorney will prosecute the case by consigning it to the Criminal Court, that is, by prosecuting the Criminal Action, which have not occurred in the present case.

12.     Once a Criminal Action is being prosecuted by the District Attorney, the Criminal Process (different from proceedings) formally start and the following proceedings will take place; a) *Preinstrucción,* b) *Instrucción,* c) *Primera Instancia* and d) *Segunda Instancia*. In this respect, article 4 of the reads as follows:

13.     Article 4.  *The proceedings of preinstrucción, instrucción and primera instancia, as well as the segunda instancia before the Court of Appeals constitute the Federal Criminal Process, in which it is the exclusive jurisdiction of the Federal Courts to resolve is a an act is or not a federal crime and to determine the criminal responsibility or*

*irresponsibility of the accused persons and to impose the penalties and security measures that are applicable in accordance with the law.*

14. The Declaration of Mr. Olvera tries to support that various issues of my previous Declaration are inaccurate by providing an incomplete analysis of Mexican law, which could be misleading and therefore I would like to clarify his comments.

15. In his point number 3, Mr. Olvera poorly tries to rebut my point 6(b) of my previous declaration by saying that "In Mexican Maritime Law, a vessel's wrongful arrest can be considered a crime", which is wrong.

16. Mexican Maritime law is regulated mainly by the Navigation and Maritime Commerce Act and various International Conventions. Mr. Olvera could not cite an article or section of any law that supports his view that a wrongful arrest can be considered a crime and the reason is simple: because Mexican Maritime law does not refer to crimes but to administrative sanctions that could be imposed by the administrative authorities in certain cases. This is assuming arguendo that in fact some complaint was filed in relation to a wrongful arrest since the evidence shows that the alleged crime is the lack of payment of a crew.

17. Mr. Olvera does not make reference to article 6 of the Federal Rules of Criminal Proceedings that establish that the competent Court to resolve of a crime is the one of the place where the crime was committed. In the present case, the alleged crime was committed in another Country and therefore the Mexican Courts would have no jurisdiction over such allegation. It goes against common sense to try to maintain that an alleged wrongful arrest is in fact committed "on board" the vessel in order to try to maintain that Mexican Courts would have jurisdiction over such allegation (see Olvera's point 4).

18. Mr. Olvera goes on to make the outrageous statement that damages can be sought by the complaint filed at the District Attorney's offices.

19. As mentioned in my previous Declaration, a criminal complaint filed at the District Attorney's office is only a description of certain events that will be evaluated by the District Attorney to determine if in its view there are enough elements to prosecute a case or not. The party that files a complaint is not even allowed to mention that a crime was committed. Article 118 of the Federal Rules of Criminal Proceedings read as follows (loose translation):

20. *The Complaints can be filed orally or in writing. They will be restricted in any case to describe the facts that are supposedly criminal, without making any legal classification and they will be made in terms of the exercise of the right of petition. If a complaint does not comply with the above requirements, the officer that receives it will inform the claimant that the complaint must be modified to comply with said requirements.*

21. The above evidences that there is no way that the party that files a complaint could request a relief for damages as Mr. Olvera tries to maintain. It is true that the relief of damages can be requested, but only in very specific crimes that are clearly named in the Criminal Code and evidently they would not apply to a supposed crime of wrongful arrest or lack of payment to the crew.

22.     Notwithstanding the fact a relief for damages can be requested in crimes which have no relation to the issues claimed in this case, it is important that it is the District Attorney during the Criminal Process (that is when the Criminal Action is prosecuted by the DA) that would have the right to request a relief for damages, and it could not be requested by the claimant. *At this moment, no relief for damages has been claimed in Mexico by a District Attorney against the Defendant.* The following articles of the Federal Rules of Criminal Proceedings support the above:

23.     *Article 31.   The relief will be established by the judges in accordance with the damages that it are necessary to be restored, in accordance with the evidence obtained* <u>*during the process*</u>. (emphasis added)

24.     *Article 31 Bis. In every Criminal Process, the District Attorney will be under the obligation to request, if applicable, a resolution in respect to payment of damages and the judge will have to make the correspondent resolution.*

25.     Mr. Olvera also makes reference to the Criminal Rules of Proceedings for the State of Tabasco in order to try to support the false allegation of Plaintiff that a criminal action is pending in Mexico. He refers to the fact that in such Rules it is possible to provide the District Attorney with all the information related to damages and loss of profits during the Averiguación Previa Proceedings and that precautionary attachments can be requested.

26.     Even though the above is true, Mr. Olvera "forgets" to mention that article 151 of the mentioned code establishes that the issues related to a relief for damages and loss of profits would have to be evidenced to the judge during the *Instrucción* stage of the Criminal Process, that is, once a criminal action was prosecuted by the District Attorney.

27.     Mr. Olvera's point number 8 is unsupported and false for the following reasons:

28.     Without any support or evidence, Mr. Olvera simply states that "Fairmount" violated Mexican law when "its" vessel Fairmount Glacier illegally left a Mexican port on 13 April 2007. I have come to learn that Defendant was not the owner of the Fairmont Glacier.

29.     I have made investigations in respect of the departure of the vessel Fairmount Glacier on 13 April 2007 and have been informed that the document that is needed for the clearance of a vessel from a Mexican Port that is known as "Despacho", was duly granted to the Fairmount Glacier. A copy of this document is attached as Exhibit 1.

30.     By having the proper authorization to depart from Mexican waters, there would be no doubt that the allegations of Mr. Olvera would again be proven wrong since in fact the vessel, which was not owned by Fairmount Heavy Transport N.V in any event, did not leave the port illegally.

31.     Finally, Mr. Olvera refers to the support under Mexican law to maintain that corporations are different from one another and that they cannot be confused. This argument raised by Mr. Olvera is true, however, it acts against the interests of his principals due to the fact that the proposition supports the fact that the Defendant is a different party than the owner of the vessel Fairmount Glacier and that there is no Mexican proceeding against Defendant in Mexico.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th Day of May 2007

_[signature]_