UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRANSPORTES NAVIEROS Y                          :
TERRESTRES, S.A. DE C.V.                        :
                                                :
            Plaintiff,                          :
                                                :
    -against-                                   :    07 CV 3076 (LAP)
                                                :
FAIRMOUNT HEAVY TRANSPORT N.V.,                 :
                                                :
            Defendant.                          :
-----------------------------------------------------------X

## SECOND DECLARATION OF CHARLES E. MURPHY
## IN SUPPORT OF MOTION TO VACATE ATTACHMENT

Charles E. Murphy declares under penalty of perjury of the laws of the United States of America as follows:

1. I am a member of the firm, Tisdale & Lennon, LLC, counsel for Defendant, Fairmount Heavy Transport N.V. ("FHT"), and I make this declaration based upon my personal knowledge and upon documents that I believe to be true and accurate.

2. FHT's Memorandum of Law in Support of Motion to Vacate established the connection among the companies (1) Transportes Navieros Y Terrestres, S.A. de C.V. ("TNT"), (2) Oceanografia, S.A. de C.V. ("OSA") and (3) Con-Dive, LLC ("Con-Dive"). As established therein, TNT is the shipping arm of OSA. Mr. Amando Yanez, whose titles include Director General of OSA and President Council of OSA, has not contested these facts nor has he contested that he controls both TNT and OSA.

3. While Mr. Yanez has decided to keep silent, Defendant TNT has offered the Declaration of Mr. Richard Wesley Freeman, Jr. Recall that FHT set forth facts in its Memorandum of Law in Support of Motion to Vacate that established the link among TNT,

OSA and Con-Dive through Mr. Wesley Freeman, who at all material times was the Assistant Director General of OSA and the President of Con-Dive.

4. Mr. Freeman stated at Paragraphs 8-9 of his Declaration as follows:

> I understand that an allegation has been made that Con-Dive is a corporate affiliate of Oceanografia and/or TNT. This is not true. Con-Dive is a Louisiana limited liability company with its principal office in Houston, Texas. There is no common ownership whatever between Con-Dive and either TNT or Oceanografia. To the best of my knowledge, the board of directors of Con-Dive is entirely distinct from the boards of both Oceanografia and TNT.
>
> It is also incorrect to say that I am an employee of Oceanografia. I have served as a consultant to Oceanografia but that role has been minimized since I started my own company, Con-Dive.

5. In support of FHT's argument that TNT has brought the instant action in bad faith, which is to say that it has performed in concert with OSA and Con-Dive to retaliate against FHT, I am pleased to reference a recent decision issued by the English High Court of Justice dated 12th June 2006, in which Mr. Freeman identified himself to that court and gave testimony to that court as "the director of operations of OSA." For ease of reference, Paragraphs 4 and 5 of the English High Court's decision are most relevant. Justice Aikens stated in his decision that "Accordingly both parties called witnesses to give oral evidence before me at the hearing which took place over three days in April 2006. OSA called Mr. Raymond Freeman, who was the director of operations of OSA; and Mr. Amado Yanez Osuna, the president of OSA." *See Oceanografia SA De CV v. DSND Subsea AS decision annexed to Second Marsh Declaration as Exhibit "8."*

6. Turning to a separate issue, TNT has alleged that that it is prosecuting its claim against FHT for the wrongful arrest of the M/V CABALLO AZTECA in an ongoing Mexican criminal action. In support of TNT's allegation, it produced two documents that it purports to be

2

the criminal complaints against FHT. Those two documents, written in Spanish, were attached to TNT's Olvera Declaration as Exhibits 2 and 3.

7. FHT has obtained Spanish to English translations of Olvera Exhibits 2 and 3. *See translations of Olvera Exhibits 2 and 3 annexed hereto as Exhibit "1" and "2" respectively.*

8. The English translations revealed at least three additional facts that support why TNT filed the instant action in bad faith.

9. First, FHT is never once mentioned in these documents. Specifically, Mr. Olvera's Exhibit 2 does not name FHT but instead names the vessel FAIRMOUNT GLACIER, which vessel has never been owned or operated FHT. *See Adkins Declaration at ¶6.* Further, the allegation in Olvera Exhibit 2 relates only to unpaid crew wages. As such, the allegation in Olvera Exhibit 2 bears no connection whatsoever with the arrest of M/V CABALLO AZTECA in The Netherlands.

10. Second, a review of Olvera Exhibit 3 revealed that FHT is not named as defendant and that that complaint makes no mention of the arrest of M/V CABALLO AZTECA.

11. Third, Olvera Exhibit 3 states, "We attach a certified copy of the agreement made in the aforesaid investigation proceedings." Of note, Mr. Olvera failed to include the referenced "agreement", which likely provided the true basis of TNT's grievance against a company other than FHT.

I, Charles E. Murphy, pursuant to 28 U.S.C § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed:   May 11, 2007
            Southport, Connecticut

*[signature]*
Charles E. Murphy (CM 2125)

3