# EXHIBIT 1

*Exhibit 2*

*[Stamp: of the Attorney General's Office of the Republic]*

PRELIMINARY ENQUIRIES: PGR/TAB/CAR-II/39/D/2007

AGENT OF THE FEDERAL ATTORNEY GENERAL'S OFFICE

Hermilo Escobedo Obrador, legal attorney of the mercantile company "Transportes Navieros y Terrestres", S.A. de C.V., appear before you with all due respect and state:

## NON-CLEARANCE

We ask for an official communication to be sent to the Harbour Master's Office of Dos Bocas Tabasco to the effect that it shall not authorise port clearance for the vessel FAIRMOUNT GLACIER on the following legal grounds:

1. It has outstanding debts by way of remuneration of the Mexican crew at the present time and, since this is a maritime lien, the aforesaid vessel should not be cleared to leave Mexican waters and shall pay the debts arising from unlawful conduct and should indemnify the damage as established in Article 120.3, Part IV of the Political Constitution of the United States of Mexico.

2. The Master of the aforesaid vessel must make a statement to the Federal Attorney General's Office and the vessel must not be cleared and, if necessary, the Mexican Navy should be notified so that this vessel does not leave Mexican waters.

The above is based on Articles 8, 20.B, 21 and 32 of the Political Constitution of the United States of Mexico.

Law of Navigation and Maritime Trade, in relation to maritime lien, in Article 91, Part One and Article 91, which provide:

ARTICLE 91: Maritime lien gives the privileged creditor the right to be preferred in payment over other creditors, in accordance with the provisions of this law and in the following order:

1. Wages and other amounts due to the crew of the vessel by reason of their enrolment on board (including repatriation expenses and social security payments payable on there behalf.

...

ARTICLE 9: Every authorised port shall have a Harbour Master's Office, attached to the Department, with defined territorial and maritime jurisdiction and the following powers:

I. To register and matriculate vessels and water craft and to register acts in the National Public Maritime Office.

II. To grant permits for the provision of maritime passenger transport services and nautical tourism within the waters under its jurisdiction, with smaller vessels in accordance with the respective regulations.

III. To authorise arrivals and clearances of vessels and watercraft.

IV. To ensure that navigation, manoeuvres and port services to vessels are carried out in safe, economic and efficient conditions.

V. To ensure that waterways meet the conditions of safety, depth, maritime signals and maritime traffic control as appropriate and navigational aids.

VI. To require certificates and to inspect any vessel, in accordance with the provisions of Parts XIII and XIV of the preceding Article.

VII. To certify day runs, issue seamen's papers and maritime identity of embarked crew of the Mexican Merchant Navy.

VIII. To order manoeuvres required of vessels when this affects the efficiency of the port, refer to the Department complaints made by ship-owners in relation to the allocation of mooring positions and anchorage for resolution as appropriate.

IX. To arrange assistance and salvage in the event of accidents or incidents involving vessels in the waters under its jurisdiction.

X. To manage surveillance, security and rescue services for internal navigation.

XI. To carry out investigations and procedures concerning maritime, port, river and coastal accidents and incidents relating to vessels within its jurisdiction, in accordance with the applicable provisions of this law and to act as assistant to the Public Ministry for these investigations and procedures.

XII. To receive and handle before the relevant authorities employment claims made by crewmembers and workers on the vessels, in the period established in Part II of Article 35 of this Law.

XIII. To impose penalties in the terms of this law; and

XIV. Other powers granted by law.

The State and Municipal Federal Police shalll assist the Harbour Master's Office when so required, within their respective limits of competence.

In the exercise of his powers, the Harbour Master is the highest authority and so is, subsequently, prohibited from submitting his decisions to the opinion of the Port Authorities.


ARTICLE 117 of the FEDERAL CODE OF CRIMINAL PROCEEDINGS which provides:


ARTICLE 117. Any person who, in their public duty, becomes aware of the possible existence of an offence punishable by law, is obliged to give immediate notice thereof to the Attorney General's Office, furnishing all the information and, in the event of arrest, to place those so charged at the disposal of the Attorney General's Office.

By reason whereof and on these grounds.

I RESPECTFULLY ASK THE AGENT OF THE ATTORNEY GENERAL'S OFFICE:

To send an official communication to the Harbour Master for the aforesaid purposes.

Cárdenas, Tabasco, twenty eighth March two thousand and seven.

Yours faithfully,


*[Ilegible signature]*
Hermilo Escobedo Obrador