UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRANSPORTES NAVIEROS Y
TERRESTRES, S.A. DE C.V.,

                Plaintiff,                             07 CV 3076 (LAP)

    -against-

FAIRMOUNT HEAVY TRANSPORT N.V.,

                Defendant.
------------------------------------------------------------X

## DECLARATION OF Ph.D. OMAR OLVERA DE LUNA

1.     My name is Omar Olvera de Luna; I was born in Mexico City on July 1st 1943. I attended Universidad Nacional Autonoma de Mexico School of Law ("UNAM"), the largest and most prestigious University in the Hispanic World, graduating in the class of 1965, and have been admitted to the bar in the whole Mexican Republic since 1968. I have been a Corporate, Commercial Contracts and Maritime Law Professor at UNAM since 1970. I have written two Law Hornbooks and one text book, the first hornbook is Maritime Law written in 1981, the second is Commercial Contracts written in 1982 and the text book is Corporate Law which is used at the Corporate Law class at UNAM. I was granted a degree in Philosophy Doctor in Law by Pacific Western University. I also received a degree in Philosophy Doctor in International Maritime Law by Atlantic International University. Furthermore, I was granted the "Honoris Causa" degree as a Philosophy Doctor in Law also by Atlantic International University. Recently, I received the honorary degree of "Doctor of the Academic Claustro of the Legal Department" at UNAM. I have been a member of the Mexican Bar Association since 1978. I am the founding partner of my law firm of Olvera & Monroy Abogados which has been in existence since 1968 where I have practiced Maritime, Commercial, Contract and Criminal Law.

2.  This Declaration is submitted in support of Plaintiff, Transportes Navieros y Terrestres, S.A. de C.V., opposition to defendant's motion to vacate the maritime attachment.

## DAMAGES

### RIGHT TO REQUEST DAMAGES IN MEXICAN CRIMINAL LAW

3.  The wrongful arrest of the vessel "Caballo Azteca" caused Transportes Navieros y Terrestres S.A. de C.V. ("TNT") to stop earning the proceeds from the charter party agreement between TNT and Con-Dive. This gives the right to TNT to request damages in a criminal process in Mexico according to article 20, paragraph B, subsection IV of the Mexican Constitution, which states that the victims of a criminal action have the right to request the repair of the damages that were caused by the convicted person. This is an Individual Guarantee that can be requested through article 8 and 35, subsection V, with the right of petition.

> **Article 20.-** In every criminal trial the **victim or the accused shall enjoy the following guarantees:**
> ...
> B.- Of the victim or person offended:
> ...
> IV.- **Have damages repaired.** In the appropriate cases, the District Attorney will be obligated to **seek repair of the damages**, and if the judge has delivered a guilty sentence, the judge may not absovle the convicted person of the repair of the damages.
> (emphasis added)

> **Article 8.** The public servers shall respect the right of petition, as far as this is in writing in a pacific and respectful manner. However in political matter, this right can only be used by the citizens of the [Mexican] Republic.

> **Article 35.** It is a right of the citizens:
> ...
> V. To exercise in any matter the right of petition.

4.  The request to repair damages and loss profits in this matter is also supported by the Criminal Procedure Code of the State of Tabasco in its articles 258 trough 263. Article 258 states that from the Previous Investigation ("*Averiguación Previa*") the

victim has the **right to present evidence** to the DA in order to prove the criminal liability of the accused, **the damages and loss of profits and its amount.**

> **Article 258.-** From the Criminal Investigation ("*Averiguación Previa*") **the offended can act on behalf of his own interests**, in personam or assisted by counsel, if he does not have counsel the District Attorney will assign one who will assist the offended.
> Throughout the Criminal Investigation, **the offended may give the District Attorney all the elements needed** that are in his possession **that will help probe** the crime, the probable criminal liability, **the damages and loss of profits caused by the crime and the amount of such.**
> As well, the offended **may request the adoption of measures** that will help him reinstate his rights and the enjoyment of the goods affected by the crime. He may also request preventive measures, if appropriate, for the payment of damages and loss of profit that may be caused by the accused parties.

5.   Article 261 of the Criminal Procedure Code of the State of Tabasco further confirms the right to request damages and loss of profits. It states that even if in the Criminal Investigation preventive attachment was not ordained, in the second stage (the prosecution) the judge can order a preventive attachment to guarantee the damages and loss of profits caused.

6.   The damages will be solved at sentencing according to article 263 of the Criminal Procedure Code of the State of Tabasco. Furthermore, article 263 also states that even if the criminal case is dismissed, the civil procedure will continue under the criminal judge until a judgment is pronounced regarding the reparation of the damages and loss profits.

## CALCULATION OF DAMAGES IN MEXICAN LAW

7.  The calculation of damages and loss profits is governed by the Civil Code of Tabasco. The Civil Code of Tabasco is applied to the present criminal procedure because article 262 of the Criminal Procedure Code of the State of Tabasco ordains that the calculation of damages and loss profits will be regulated by the Civil Procedure Code of Tabasco which, in turn, sends us to the Civil Code of Tabasco.

8.  Damages and loss profits are clearly defined in Mexican Law, specifically article 2050 of the Civil Code of Tabasco states the following:

> **Article 2050. Concepts.**
> It is understood by **damages** the loss suffered in the assets for the act committed that the law considers the source of liability.
> It is understood as **loss of profits** a deprivation of any legal profit that would have been obtained if the liability act would not have happened.
> (emphasis added)

9.  According to article 2053 of the Civil Code of Tabasco the reparation of the damages consists on having the things returned to the state before the liability act occurred and if that is impossible, then total payment of the economical and defamatory damages and loss of profits would have to be done.

10. The specific amount of damages and loss profits has to be valued by the judge in view of the evidence presented, according to article 2054 of the Civil Code of Tabasco. However, article 2050 sheds some light into this matter, when analyzing the concept of *lost profits* stated in article 2050, then all the profits that would have been gained by TNT from the charter party with Con Dive, specifically $36,500,000, would fall into this definition and would consequentially be part of total amount owed by the wrongful arrest. This is not even analyzing the fact that the vessel had an average life of 10 years and could have entered into subsequent charter parties which would have made TNT gain

4

more profits and in Mexican law even future contracts can be considered into the calculation of loss of profits.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th Day of May 2007

*[signature]*