Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
STATUS INTERNATIONAL S.A., as Owner of the M/V/ Esperanza C, Plaintiff,
v.
M & D MARITIME LTD., Global Maritime, Inc., and Conagra International Fertilizer Co., Defendants.
No. 97 Civ. 9313(SAS).
March 11, 1998.

Jeremy J.O. Harwood, Ellen M. Fitzgerald, Healy & Baillie, LLP, New York City, for plaintiff.
Alan Van Praag, Michael O. Hardison, Edward M. Cuddy, III, Snow Becker Krauss, P.C., New York City, for defendants M & D Maritime Ltd. and Global Maritime, Inc.
Edward L. Powers, Richards & O'Neil, LLP, New York City, for defendant Conagra International Fertilizer Co.

**OPINION AND ORDER**

SCHEINDLIN, J.
*1 Plaintiff Status International ("Status") moves to compel Defendant M & D Maritime, Ltd. ("M & D") to pay certain monies into the Court's registry. Plaintiff contends that M & D violated an attachment order by dissipating the attached property before an order vacating the attachment had become effective. In turn, M & D and its agent, Global Maritime, Inc. ("Global"), cross-move to vacate an order directing the attachment of assets which were no longer in the possession of the attachment garnishees at the time that the order was issued.[FN1]

> FN1. At a February 23, 1998 conference, M & D and Global's counsel argued that the Amended Complaint, which was filed on February 6, 1998, should be dismissed because Defendants no longer had any property in New York. See Transcript of Conference of February 23, 1998 ("Tr.") at 26. As a result, Plaintiff's action here was indistinguishable from a prior pending action in New Jersey. See id. M & D and Global were instructed to reserve that motion pending the Court's determination of whether M & D would be required to make payment to the Court's registry. See id. at 26-28. Despite this direction, M & D and Global have moved to dismiss on the basis of the earlier-filed action. For the reasons stated in this Opinion, the cross-motion to dismiss is denied.

**I. Factual Background**

On December 18, 1997, Status brought this action to enforce a maritime lien on subfreights and demmurage against M & D and Global. On the next day, the Court granted Plaintiff's ex parte motion for the issuance of a maritime attachment, pursuant to Fed.R.Civ.P.Supp.Rule B(1), of monies belonging to M & D and Global in three commercial banks located in Manhattan. See Status Int'l S .A. v. M & D Maritime Ltd., 97 Civ. 9313 (S.D.N.Y. Dec. 19, 1997) ("Attachment Order"). In compliance with this Order, the Bank of New York, one of the garnishee banks, "froze" certain assets that M & D held in one or more accounts at the bank. Affidavit of Jeremy Harwood, Attorney for Plaintiff, dated February 24, 1998 ("Harwood Aff."), at ¶ 4; Affidavit of Bipin Gandhi, President of Global, dated March 2, 1998 ("Gandhi Aff."), at ¶¶ 4, 5. The parties dispute the amount that was attached: Plaintiff asserts the amount was $55,573.58, which was held in multiple accounts, see Harwood Aff. at ¶ 4, while M & D claims it was $47,573.58 held in a single checking account. Neither of the other garnishee banks held any assets belonging to M & D or Global. Harwood Aff. at ¶¶ 4, 5; Gandhi Aff. at ¶ 4.

In an Opinion dated February 4, 1998, the Court granted M & D and Global's motion to dismiss the Complaint for failure to state a claim for relief. See Status Int'l S.A. v. M & D Maritime Ltd., 97 Civ. 9313, 1998 WL 54523 (S.D.N.Y. Feb. 4, 1998) ("Dismissal Opinion"). Because the validity of Plaintiff's Rule B(1) attachment depended upon Plaintiff's underlying claim, the Dismissal Opinion also vacated the attachment. See id. at *4.

On the afternoon of February 6, 1998, Plaintiff submitted an Amended Complaint and a letter requesting that the Rule B attachment be reinstated. Because Plaintiff's Amended Complaint appeared to cure the pleading deficiency of the original complaint, the Court signed an Order late that afternoon which reinstated the attachment. See *Status Int'l S.A. v. M & D Maritime Ltd.*, 97 Civ. 9313 (S.D.N.Y. Feb. 6, 1998) ("Reinstatement Order"). The Dismissal Opinion and Reinstatement Order were both docketed by the clerk of the court on the same day, February 9, 1998. No judgment vacating the Attachment Order was ever docketed.

Between the time that the Court signed the Dismissal Opinion on February 4, 1998 and the time that the Reinstatement Order was signed on February 6, 1998, M & D emptied its accounts at the Bank of New York. Harwood Aff. at ¶ 10; Gandhi Aff. at ¶¶ 5, 6. Status now seeks an order compelling M & D to pay the sum that it removed from these accounts into the Court's registry. M & D, in turn, contends that because it removed its funds from the Bank of New York before the Court signed the Reinstatement Order, there remained no funds to attach, and thus the second attachment should be vacated.

## II. Plaintiff's Motion to Compel Payment into the Court's Registry

*\*2* It is necessary to examine the interplay among various Federal Rules of Civil Procedure to resolve the parties' principal dispute: How soon after a court orders an attachment order vacated may the attached property be released.

### A. *Is an Order Vacating a Maritime Attachment a "Judgment"?*

The Federal Rules of Civil Procedure define a "judgment" as "includ[ing] a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). An order vacating a maritime attachment is directly appealable even if the action in which the attachment was obtained remains pending in the district court. See *Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A.*, 339 U.S. 684, 688-689, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); accord *Rosenfeldt v. Comprehensive Accounting Serv. Corp.*, 514 F.2d 607, 610 (2d Cir.1975) (denial or dissolution of a writ of attachment is directly appealable). Therefore, such an order constitutes a judgment.

### B. *Effective Date of the Dissolution Order*

A judgment is effective only when entered by the clerk of the court in the civil docket sheet. See Fed.R.Civ.P. 58; Fed.R.Civ.P. 79(a). The Second Circuit has "consistently required that such a document must be separate from any judicial memorandum or opinion and must be labeled a 'judgment.'" *Cooper v. Town of East Hampton,* 83 F.3d 31, 34 (2d Cir.1996) (citing cases) (internal quotations omitted). While a one-sentence order denying a motion satisfies the separate-document requirement, an order which is included as part of an opinion does not. *RR Village Ass'n, Inc. v. Denver Sewer Corp.,* 826 F.2d 1197, 1201 (2d Cir.1987). "These mechanistic requirements, while seemingly trivial, are necessary to the goal of promoting clarity," *Cooper,* 83 F.3d at 34, and "eliminat[ing] uncertainty as to when a judgment is a judgment and when the time for appeal begins." *Id.* at 35.

Thus, neither the Court's act of signing the Dismissal Opinion on February 4, 1998, nor the clerk's act of recording it on February 9, 1998 constituted a judgment vacating the attachment. Indeed, no separate document dissolving the attachment has yet been docketed. Therefore, on February 6, 1998, when M & D directed the Bank of New York to transfer its funds, the Attachment Order was still in effect. As a substitute security for the assets that were dissipated in violation of the Attachment Order, M & D is now ordered to pay into the Court's registry the amount that was previously attached in its accounts at the Bank of New York.

B. *Applicability of Rule 62(a) to Maritime Attachments*

1. *Rule 62(a) Generally*

Rule 62(a) postpones the enforcement of a Court's judgment for ten days from the date of entry. The Rule provides, in pertinent part, that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry." As explained above, an order vacating a maritime attachment constitutes a judgment. Consequently, Rule 62(a) automatically stays the execution of such an order for ten days after its entry. Accord *Afcodian (International) Ltd. v. Brompton Air Servs. Div. of African-American Trade Corp.*, 753 F.2d 176 (1st Cir.1985) (Breyer, J.) (release of attached funds seven days after court dissolved the attachment was unlawful; pursuant to Rule 62(a), the attachment remained in effect).

2. *The Effect of Rule E(5)(c)*

*\*3* Defendant contends that Fed.R.Civ.P.Supp.Rule E(5)(c), which concerns the release of property that is subject to a maritime attachment, displaces the 10-day waiting period of Rule 62(a). To the extent that the Supplemental Admiralty Rules and the Federal Rules of Civil Procedure are inconsistent, the former govern in admiralty proceedings. Fed.R.Civ.P.Supp.Rule A. Thus, the question here is whether Rule E(5)(c) authorizes the release of attached property less than ten days after the entry of a court order vacating the attachment. Rule E(5)(c) provides as follows:

(c) *Release by Consent or Stipulation; Order of the Clerk; Costs.* Any vessel, cargo, or other property in the custody of the marshal or other person having the warrant may be released forthwith upon the marshal's acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is detained or the party's attorney and expressly authorizing such release, if all costs have first been paid. Otherwise, no property in the custody of the marshal, other person or organization having the warrant, or other officer of the court shall be released without an order of the court; but such order may be entered as of course by the clerk, upon the giving of approved security as provided by the law and these rules, or upon the dismissal or discontinuance of the action; but the marshal or person or organization having the warrant shall not deliver any property so released until the cost and charges of the officers of the court shall first have been paid.

Defendant seizes upon the language "may be released forthwith" in the first sentence of the Rule as support for the proposition that a court order vacating a maritime attachment may be immediately executed. However, this language describes the procedure for releasing attached property where the property owner has provided a stipulation, bond, or other security and the party on whose behalf the property was attached has authorized the release. The immediate release of property thus occurs pursuant to the parties' mutual consent and does not involve the judicial process. In contrast, the second sentence of the Rule, which concerns the release of property pursuant to a court order, makes no mention of the timing for the release of attached property. Given the inclusion of the "released forthwith" language in the first sentence and its absence from the second, nothing in the text of the Rule suggests that an order vacating a maritime attachment may be immediately executed.

The caselaw applying 28 U.S.C. § 1291 to orders vacating maritime attachments provides further insight into the proper interpretation of Rule E(5)(c). In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Court held that a limited class of orders are immediately appealable because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." This doctrine is not an exception to § 1291, but rather "a practical construction" of the statute. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); 19 Moore's Federal Practice § 202.07 (3d ed.1997).

*\*4* Applying *Cohen,* the Court in *Swift & Co. Packers,* 339 U.S. at 689, construed the language of § 1291 as permitting an immediate appeal from an order vacating a maritime attachment because "[a]

ppellate review of the order ... at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible."

Similarly, M & D's favored interpretation of Rule E(5)(c), if accepted, would raise the specter of meaningless appeals, as the owners of attached property could remove the property from the Court's jurisdiction immediately following the entry of a dissolution order. To avoid transforming appellate review of dissolution orders into the "empty rite" that the *Swift* Court's interpretation of § 1291 sought to avoid, Rule E(5)(c) cannot displace the ten-day stay imposed by Rule 62(a).[FN2]

> FN2. In *Alyeska Pipeline Serv. Co. v. Vessel Bay Ridge,* 703 F.2d 381 (9th Cir.1983), the court reached a different conclusion. There, the court held that "[s]ince the Rule 62(a) automatic ten-day stay is inconsistent with Rule E(5)(c), Rule 62(a) must give way." *Id.* at 385. The Opinion neither parsed the language of the Rule nor provided any other analysis supporting this result. For the reasons set forth in this opinion, I respectfully disagree with the holding in *Alyeska.*

Accordingly, M & D may not remove its funds from the Court's registry until 10 days after the entry of the judgment vacating the Attachment Order, as measured by Fed.R.Civ.P. 6(a).[FN3] Because M & D should again have assets located within this district, M & D and Global's motion to dismiss is denied, with leave to renew.

> FN3. Plaintiff's time to appeal will begin to run when this final judgment is entered.

### III. M & D's Motion to Vacate the Reinstatement Order

A Rule B attachment is void if the garnishee has no property belonging to the defendant. *See Reibor Int'l Ltd. v. Cargo Carriers (KACZ-Co.) Ltd.,* 759 F.2d 262, 266-67 (2d Cir.1985); *Limonium Maritime, S.A. v. Mizushima Marinera, S.A.,* 1961 F.Supp. 600, 606-607 (S.D.N.Y.1997). It is undisputed that after M & D removed its assets from the Bank of New York on February 6, 1998, none of the garnishee banks possessed any of M & D's or Global's assets. Thus, the Reinstatement Order, which was issued after the assets were transferred, is vacated with respect to the property of M & D and Global.

### IV. Conclusion

M & D violated the Attachment Order by directing the Bank of New York to transfer its attached funds. As a consequence, M & D is hereby ordered to pay into the Court's registry the amount that had been attached in its accounts at the Bank of New York. Accordingly, M & D and Global's motion to dismiss the Amended Complaint is denied. The Court shall hold this security in an interest-bearing account and shall release it upon the expiration of the stay imposed by Rule 62, measured from March 11, 1998, unless a further stay is granted by either this Court or the United States Court of Appeals for the Second Circuit. Finally, the Reinstatement Order is vacated with respect to M & D and Global, as neither Defendant had any assets in this district at the time of the attachment.

SO ORDERED:

S.D.N.Y.,1998.
Status Intern. S.A. v. M & D Maritime Ltd.
Not Reported in F.Supp., 1998 WL 108007 (S.D.N.Y.)