UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRANSPORTES NAVIEROS Y TERRESTRES, S.A.
DE C.V.,

                      Plaintiff,

    - against -

FAIRMOUNT HEAVY TRANSPORT N.V.,

                      Defendant.
------------------------------------------------------------------X

07 Civ 3076 (LAP)

ECF CASE

## MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION FOR RECONSIDERATION

Defendant, Fairmount Heavy Transport N.V. ("FHT"), by its undersigned counsel, Lennon, Murphy & Lennon, LLC, submits the within Memorandum of Law in Opposition to Motion for Reconsideration brought by the plaintiff, Transportes Navieros Y Terrestres, S.A. de C.V. ("TNT"). TNT's Motion for Reconsideration of the Court's Order entered July 9, 2007 should be denied because TNT has failed to prove either that the Court has committed an error of law or has caused manifest injustice.

### PRELIMINARY STATEMENT

For the sake of efficiency, FHT does not set forth the background of this matter but instead respectfully directs the Court to the comprehensive Memorandum and Order entered July 9, 2007. FHT also incorporates by reference its previously filed memoranda dated May 7, 2007, May 11, 2007 and May 17, 2007, together with the several declarations previously filed in support of Motion to Vacate or Reduce Maritime Attachment.

## **ARGUMENT**

## **POINT ONE**

## **TNT HAS NOT SATISFIED THE STANDARD FOR RECONSIDERATION**

TNT is pursuing reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure to correct a clear error of law or prevent manifest injustice. Tellingly, TNT fails to cite the legal standard for such a motion. For the reasons set out below, TNT cannot demonstrate that the Court has committed an error of law and/or caused manifest injustice by reducing the amount of the maritime attachment. TNT does not identify any controlling decision which TNT contends that the Court has overlooked. Furthermore, TNT cannot effectively distinguish the maritime attachment cases cited by the Court including: *Aqua Stoli Shipping Ltd. V. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006); *Greenwich Marine, Inc. v. S.S. Alexandria*, 339 F.2d 901 (2d Cir. 1965); *Glidden Co. v. Hellenic Lines, Ltd.* 315 F.2d 162 (2d Cir. 1963); *Sea Transport Contractors, Ltd. v. Industries Chemiques Du Senegal*, 411 F. Supp. 2d 386 (S.D.N.Y. 2006); *Daeshin Shipping Co. Ltd. v. Meridian Bulk Carriers*, 2005 U.S. Dist LEXIS 224 (S.D.N.Y. 2005); *Bay Casino LLC v. M/V Royal Empress*, 20 F. Supp. 2d 440 (E.D.N.Y. 1998); and *Dongbu Express Co. v. Navios Corp.*, 944 F. Supp. 235 (S.D.N.Y. 1996). Local Civil Rule 6.3, which governs motions for reconsideration, provides as follows:

> A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by either party unless directed by the court.

*See* Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York.

A motion filed pursuant to Local Civil Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *See Allied Maritime, Inc. v. The Rice Corp.*, 361 F. Supp. 148, 149 (S.D.N.Y. 2004), *overruled on other grounds, Aqua Stoli Shipping Co. Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006); *see also Pasha v. William M. Mercer Consulting, Inc.*, 2004 U.S. Dist. LEXIS 12277, *3 (S.D.N.Y. 2004), *aff'd* 2005 U.S. App. LEXIS 12393 (2d Cir. 2005); and *Maersk v. Neewra, Inc.*, 2006 U.S. Dist. LEXIS 73096, *4 (S.D.N.Y. 2006).

Generally, reconsideration will only be granted where the moving party can demonstrate that there has been newly discovered evidence, the court failed to properly consider the arguments or evidence before it, or the court made an error of law. *See Commer v. McEntee*, 2006 U.S. Dist. LEXIS 82395 (S.D.N.Y. 2006); *see also Degrafinreid v. Ricks,* 452 F. Supp. 2d 328, 331 (S.D.N.Y. 2006). Simply stated, a motion for reconsideration should not be used as an attempt to argue issues previously considered and determined by the court or for the proverbial second bite at the apple. *See Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998); *see also Koss v. Oneida County Supreme & Family Court,* 2006 U.S. Dist. LEXIS 95068, *5 (S.D.N.Y. 2006).

In light of these standards, TNT is saddled with a "heavy burden of demonstrating that there was a clear error of law or manifest injustice." *See Oxford House v. City of Albany*, 155 F.R.D. 409, 411 (N.D.N.Y. 1994). TNT cannot meet this burden. The only basis upon which TNT relies is its contention that the Court erred in considering whether TNT acted reasonably to mitigation its damages. As this Court correctly held, however, mitigation is an important consideration when determining whether a plaintiff has reasonably estimated its damages for the purposes of analyzing a

3

motion to reduce an attachment pursuant to Supplemental Admiralty Rule E(6) of the Federal Rules of Civil Procedure. The maritime attachment cases cited by the Court, and listed *supra*, stand for the proposition that the Court must be reasonably satisfied that a plaintiff's claim is not frivolous and that it has reasonably estimated its damages. It is undisputed that motions to reduce maritime attachments are "freely granted" for "good cause shown." *See e.g. Dongbu Express Co. Ltd.*, 944 F.Supp at 237-238 (where "claims cannot be deemed frivolous, they should be reduced to account for estimated savings" and that "in an attachment proceeding, the plaintiff need not prove its damages with exactitude" but "the court must be satisfied that plaintiff's claims are not frivolous").

TNT's Mexican Law argument, which this Court already considered, fairs no better. This is because the Court may find "good cause" to reduce the attachment where the amount of security requested, although possibly recoverable in the underlying action, runs contrary to the facts upon which the damages are based. Thus, when finding a defendant has shown "good cause" to reduce the attachment, the court is not required to take a position on the substantive merits of the case or on the recovery available under applicable foreign law. *See e.g., Sea Transport Contractors, Ltd.*, 411 F. Supp. at 396 ("Though the Court finds good cause to reduce the amount seized under the Rule B attachment, it takes no position as to the recovery available in the British Courts under British law"). Thus, TNT's contention that "it is barred *as a matter of law* from recovering any damages that it may have incurred" is without merit.

As cited in the Court's Order, Supplemental Admiralty Rule E(6) provides that "Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given..." *Id.* Also as cited in the Court's Order, the Second Circuit's holding in *Greenwich Marine, Inc. v. S.S. Alexandria,* 339 F.2d 901, 905 (2d Cir. 1965) unambiguously held that "the inherent power to adapt an admiralty rule to the equities of a particular situation is entrusted to the

4

sound discretion of the district judge." These authorities make clear that this Court sitting in admiralty has the equitable power to freely grant a motion to reduce an attachment as the circumstances warrant.

In this case, the Court did not commit an error of law or cause manifest injustice by reducing the amount of the maritime attachment. As explained in the Court's Order, the *undisputed* facts established that the $10,220,00.00 demand in TNT's Verified Complaint and the $1,256,354.84 under attachment were excessive under the circumstances. This Court held that "[a]ccordingly the order of maritime attachment is modified to reflect the amount for which FHT may be potentially held responsible to TNT, which the Court estimates at $15,000, the outside amount that might be attributable to legal fees required to lift the wrongful arrest." *See Order at 19.* The Court's twenty-page decision, that denied the motion to vacate and granted the motion to reduce, was based on a full examination of the evidence, papers and arguments submitted by counsel. While TNT has shown why it disagrees with the Order, it has failed to show that the Court committed any clear error or that its decision will cause any injustice, much less any manifest injustice. Based on all of the foregoing reasons, TNT's Motion for Reconsideration should be denied.

## POINT TWO

### TNT'S REQUEST FOR A STAY SHOULD BE DENIED

TNT provided neither legal authority for extending the automatic stay nor an argument explaining why FHT should be further deprived of its property of about $1,241,354.84. TNT cannot satisfy any of the four elements in support of a stay, let alone all of them.

Courts evaluate the following factors in respect of a motion to stay pending appeal:

(1) whether the movant will suffer irreparable injury absent a stay;
(2) whether a party will suffer substantial injury if a stay is issued;
(3) the public interest that may be affected; and
(4) whether the movant has demonstrated a substantial possibility of success on appeal.

5

*See Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1992). The party seeking a stay pending appeal bears the burden of proving an entitlement to the stay. *United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995)("A party seeking a stay of a lower court's order bears a difficult burden); *see also, Clarett v. National Football League*, 306 F. Supp. 2d 411, 412 (S.D.N.Y. 2004)(denying application for stay because movant failed to meet burden to prove entitlement to stay); *Neely v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*, 2003 U.S. Dist LEXIS 12497 (E.D.N.Y. 2003)(denying application for stay because movants did not satisfy "high burden" placed upon them). TNT has failed to explain the standard for entitlement to stay, much less carry its burden of proof.

As applied, there is no irreparable injury absent a stay. TNT's underlying claim for wrongful arrest remains fully secured in the amount of $15,000 even without a stay. Additionally, in the unlikely event that TNT succeeds on its underlying claim in a greater amount, TNT would then be entitled to seek enforcement of its judgment through usual mechanisms, including maritime arrest and/or attachment in New York. Thus, there is no irreparable injury to TNT. "Plaintiff's ability to collect a prospective judgment is remarkably secure…because defendant's need to use the world's financial markets regularly ensures that attachment of EFTs will be as available post-judgment as it has been pre-judgment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 384 F.Supp. 2d 726, 730-31 (S.D.N.Y. 2005) *reversed on other grounds by* 460 F.3d 434 (2d Cir. 2006). Therefore, "while plaintiff clearly would be less secure in the absence of the attachment, it would suffer no prejudice if the attachment were vacated. Indeed, its position would be no worse than that of any other plaintiff in a civil action." *Signet Shipping Co. v. Southern Hardwoods, Inc.*, 108 F.Supp. 2d 649, 650 (E.D.La. 2000), cited with approval in *Allied Maritime, Inc. v. Rice Corp.*, 2004 U.S. Dist.

LEXIS 20353 at *9, n.17 (S.D.N.Y. 2004), *reconsideration and stay denied by Allied Maritime, supra.*

There will be, however, substantial injury to FHT if the Court grants a stay. Simply stated, FHT has already been wrongfully deprived of $1,241,354.84 for several months. The excessive attachment has impaired FHT's ability to conduct its business. It has caused difficulties in respect of FHT's lenders and creditors. FHT is not large enough to successfully withstand a stay of the Order that provided "the amount of the attachment is reduced to $15,000" and that "the excess shall be released promptly." *See Order at 19-20.* As FHT would be substantially injured by a stay, TNT's request should be denied.

TNT has not addressed nor made any showing that the public interest will be harmed if a stay is not granted. There is no support for such an argument in this case involving foreign parties. Thus, TNT cannot satisfy this prong of the criteria.

TNT has not demonstrated a substantial possibility of success on appeal. Importantly, for the reasons explained more fully *infra*, the Order reducing the attachment to $15,000 is akin to an order granting security, which is interlocutory in nature and not immediately appealable. This was the recent holding of the Second Circuit Court of Appeals in *Allied Marine Services, Ltd. v. LMJ Int'l Ltd.*, 07-0084-cv (2d Cir. March 22, 2007)(copy attached as Exhibit 1). The *Allied Marine* case reaffirmed *Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 242 (2d Cir. 2006) and *Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire*, 558 F2d 1050, 1052 (2d Cir. 1977), when it held that an order denying a motion to vacate maritime attachment, like an order granting security, is not immediately appealable. As TNT has not satisfied any of the requisite four elements for a stay, the Court should deny TNT's request.

7

## POINT THREE

### A STAY IS INAPPROPRIATE BECAUSE TNT CANNOT APPEAL THE COURT'S INTERLOCUTORY ORDER UNLESS AND UNTIL TNT HAS OBTAINED A FINAL JUDGMENT ON ITS UNDERLYING CLAIMS

The Court's decision to grant TNT $15,000 in security, and to deny FHT's motion to vacate maritime attachment, is simply an interlocutory order modifying a maritime attachment. As such, it is not among those limited interlocutory orders appealable as of right under 28 U.S.C. § 1291. The Second Circuit Court of Appeals has unambiguously held on numerous occasions that such an order granting security *is not* appealable. *See, e.g., Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 114 (2d Cir. 1991)("[i]n contrast [to orders denying security], orders requiring the posting of security are analogous to orders denying motions to vacate attachments, which are not appealable"). Still further, this is not a case where appellate jurisdiction exists pursuant to 28 U.S.C. § 1292(a)(3), which section concerns interlocutory decrees determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed, because the Court did not decide the merits of the controversy between the parties, which is the prerequisite for jurisdiction under that section. *See, e.g., Blue Water Yacht Club Ass'n v. N.H. Ins. Co.*, 355 F.3d 139, 141 (2d Cir. 2004).

In *Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 241 (2d Cir. 2006), the Second Circuit recently confirmed that orders granting security, such as the one in this case, are not appealable. The *Kensington Int'l Ltd.* court analyzed the U.S. Supreme Court's collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). "To be among that 'small class' of appealable interlocutory rulings appealable under the *Cohen* doctrine, an order must (i) conclusively determine the disputed question; (ii) resolve an important issue completely separate from the merits of the action; and (iii) be effectively unreviewable on appeal from a final judgment."

8

*Kensington Int'l Ltd.*, 461 F.3d at 240 (2d Cir. 2006). Interestingly, unlike the instant case, "*Cohen* itself concerned an appeal from an order denying security; *see* 337 U.S. at 545; as it illustrates, such orders are paradigms of final collateral orders that are unreviewable on appeal from a final judgment." *Result Shipping Co. Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394 (2d Cir. 1995). In *Kensington Int'l Ltd.*, the Second Circuit held as follows:

> We have held that orders granting security are not appealable because they fail to satisfy the third prong of the collateral order doctrine test: The party ordered to post security may obtain complete relief on appeal from final judgment. *See Seguros Banvenez S.A. v. S/S Oliver Drescher*, 715 F.2d 54 (2d Cir. 1983).
>
> * * *
>
> Since *Caribbean Trading, Banque Nordeurope, S.A. v. Banker*, 970 F.2d 1129 (2d Cir. 1992) (per curiam), considered whether a district court's decision to dissolve an attachment was appealable as a collateral order, *Banque Nordeurope* noted that "[a]n impression has been generated in the federal courts that an order denying an attachment is appealable, but one granting an attachment is not." *Id.* at 1130. The court further noted that "that easy test has been repeated even recently in this court," *id.* (citing *Caribbean Trading*, 948 F.2d at 114), and acknowledged a separate "trend, both in our circuit and elsewhere, toward more flexibility in dealing with attempted appeals involving attachments." *Id.* at 1131 (citing 15A Charles Alan Wright, et al., Federal Practice and Procedure § 3914.2 (1992)). *Banque Nordeurope* offered the following supplement: "a critical factor in appealability is whether the appeal presents an important question of law whose resolution will guide courts in other cases, or whether it involves merely the application of well-settled principles of law to particular facts." *Id.*
>
> After *Bank Nordeurope*, we took up this issue again in *Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc.*, 56 F.3d 394 (2d Cir. 1995). In *Result Shipping*, we applied *Bank Nordeurope's* holding that appealability rests, in part, on the importance of the issue. *Id.* at 398. We concluded that we did possess jurisdiction because, first, "the instant appeal present[ed] issues concerning the interplay of the Arbitration Act, on the one hand, and the Supplemental Rules governing the availability of security and countersecurity on the other . . . [and] the resolution of these issues will provide necessary guidance to trial courts in this potentially recurring context," and, second, "the other requirements of the *Cohen* doctrine [were] clearly satisfied." *Id.* at 399. Thus, *Result Shipping* provides an explanation of what was meant by a more "flexible" approach: even if an order vacating, dissolving, or denying an attachment satisfies *Cohen*, courts have leeway to determine whether the issue on appeal is an important issue of law, the resolution of which may have relevance for future cases.

9

> Thus, rulings are appealable as collateral orders when they (i) satisfy *Cohen* and (ii) present an important question of law. This is the only consistent reading of the cases because both *Banque Nordeurope* and *Result Shipping* involved orders that otherwise satisfied the *Cohen* doctrine. *Banque Nordeurope* was an appeal from a dissolution of a prejudgment attachment, 970 F.2d at 1130, and *Result Shipping* was an appeal from a denial of a motion for security, 56 F.3d at 398. Both rulings involved district court orders that could not "be redressed on appeal at the conclusion of the action," unlike an order to post security, which "generally cause[s] no irreparable loss in that parties posting security will be repaid with interest if they prevail." *Caribbean Trading*, 948 F.2d at 114.
>
> While *Banque Nordeurope* may have seemed skeptical of the "easy test" that orders denying security are appealable and orders granting security are not, it did not in any way erode the requirements of *Cohen*. Instead, it established an additional requirement for appealability above and beyond the standard *Cohen* test: importance. The holding of *Caribbean Trading* therefore stands unchanged: An order granting security is not appealable because the aggrieved party may obtain complete relief on appeal from final judgment. This appeal falls squarely within the holding of *Caribbean Trading*.

*Kensington Int'l Ltd.*, 461 F.3d at 241. Here, TNT cannot meet even the *Cohen* test because it may seek an appeal of the Court's Order after a judgment on the underlying merits of its wrongful arrest claim.

In *Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire*, 558 F.2d 1050 (2d Cir. 1977), the Second Circuit dismissed an appeal similar to the one contemplated by TNT. In *Drys Shipping Corp.*, appellee/plaintiff shipowner filed suit in the Southern District of New York and attached money due to appellants/defendants charterers pursuant to Supplemental Admiralty Rule B(1). The district court denied defendant's motion to vacate the maritime attachment. On appeal, appellants/defendants contended that the district court erred when it failed to vacate the attachment and that the district court's order was final and appealable. On appeal, the Second Circuit held that an order denying a motion to vacate an attachment was interlocutory and that there was no appellate jurisdiction. Stated differently, the Second Circuit held that an order granting security in the form of an attachment was not a final order pursuant to 28 U.S.C. § 1291.

10

Also in *Drys Shipping Corp.*, the Second Circuit refused to create uncertainty regarding the firm rule based on the fundamental principle that appeals may not be taken from interlocutory orders. It held as follows in respect of the line of cases cited above:

> Appellants seek to distinguish this line of authority on the grounds that any further proceeding in the district court will be limited to the "ministerial" function of enforcing any arbitration award that might be obtained by the plaintiffs against the attached monies or vacating the award if appellants prevail before the arbitrators. The Charterers accordingly argue that the district court's order should be treated as final under § 1291 and as appealable under the *Cohen* doctrine.
> We find the attempted distinction unpersuasive. It would only serve, without any redeeming features (equitable or otherwise), to create uncertainty regarding a firm rule based on the fundamental principle that appeals may not be taken from interlocutory orders. Further exceptions might devour the rule itself. Moreover, our reluctance is particularly justified here, where there is a substantial possibility that the district court will be called upon to play more than a ministerial role in further proceedings.

*Id.* at 1051. Moreover, the Second Circuit held that "[s]ince the district court's decision here on appeal may be modified and other issues may be presented for its decision in the future, our review now would violate the basic principle of appealability, which requires finality in order to avoid piecemeal review of issues presented in a single case. *Cobbledick v. United States*, 309 U.S. 323, 84 L. Ed. 783, 60 S. Ct. 540 (1940)." *Id.* at 1052.

The Fifth Circuit Court of Appeals also considered a similar issue concerning an attempt to appeal an order denying a motion to vacate attachment in *Astarte Shipping Co. v. Allied Steel & Export Service*, 767 F.2d 86 (5th Cir. 1985). In *Astarte Shipping Co.*, the Fifth Circuit reached the same conclusion as *Dry Shipping Corp.*, and reasoned as follows:

> This order is clearly not one of those "interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed" which may be appealed as of right under 28 U.S.C. § 1292(a)(3). Section 1292(a)(3) permits interlocutory appeals only when the order appealed from has the effect of ultimately determining the rights and obligations of the parties with regard to the *merits* of the litigation. *See, e.g., Treasure Salvors v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir. 1981); 9 J. Moore and B. Ward, *Moore's Federal Practice*, para. 110.19[3]. Despite appellants' protest to the contrary, an order confirming an

11

> attachment simply does not fall within this category. Finally, an order confirming an attachment does not fall into the category covered by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). "[Cohen's] application to review of attachments not finally dissolved would make appealable every attachment order. *Constructora Subacuatica Diavaz v. M/V HIRYU*, 718 F.2d 690, 692 (5th Cir. 1983).

*Astarte Shipping Co.*, 767 F.2d at 88 (emphasis added).

Like the Fifth Circuit in *Astarte Shipping Co.*, the Second Circuit held that 28 U.S.C. § 1292(a)(3) is not a source of appellate jurisdiction in the case of an interlocutory order that does not decide the merits of the controversy between the parties. In *Blue Water Yacht Club Ass'n v. N.H. Ins. Co.*, 355 F.3d 139, 141 (2d Cir. 2004), the Second Circuit "construed § 1292(a)(3) to mean 'that we have jurisdiction…when the court below, as is customary in admiralty, has entered an interlocutory decree deciding the merits of the controversy between the parties, but has left unsettled the question of damages or other details…' *Allen N. Spooner & Son, Inc. v. Connecticut Fire Ins. Co.*, 297 F.2d 609, 610 (2d Cir. 1962), *quoted in Thypin Steel*, 215 F.3d at 280." *Blue Water Yacht Club Ass'n*, 355 F.3d at 141.

As applied to the instant case, the Court's Order entered July 9, 2007 was an interlocutory order that effectively granted TNT security in the amount of $15,000. The Order will become appealable if and only if TNT obtains a final judgment on its underlying claims. Accordingly, because there is no right to an immediate appeal, and because there is no way of determining if or when a final judgment will ever issue, TNT's request to stay the release of $1,241,354.84 pending appeal should be denied.

## **CONCLUSION**

Based on all of the foregoing reasons, TNT's motion for reconsideration should be denied.

Dated: New York, New York
August 4, 2007

                                              The Defendant,
                                              FAIRMOUNT HEAVY TRANSPORT N.V

By: _____
                                              Charles E. Murphy (CM 2125)
                                              Nancy R. Peterson (NP 2871)
                                              LENNON, MURPHY & LENNON, LLC
                                              The Gray Bar Building
                                              420 Lexington Ave., Suite 300
                                              New York, NY 10170
                                              Phone (212) 490-6050
                                              Fax (212) 490-6070

## **AFFIRMATION OF SERVICE**

I hereby certify that on August 4, 2007, a copy of the foregoing was filed. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                              By: _____
                                                 Charles E. Murphy (CM 2125)

# EXHIBIT 1

S.D.N.Y.
06 Civ. 3641
Kaplan, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22 day of March two thousand seven,

Present:

    Hon. Robert D. Sack,
    Hon. Barrington D. Parker,
    Hon. Peter W. Hall,
        *Circuit Judges.*

FILED
MAR 22 2007

---

Allied Marine Services, Ltd.,

    Plaintiff-Appellee,

    v.                                                              07-0084-cv

LMJ International Ltd.,

    Defendant-Appellant.

---

Plaintiff-Appellee, through counsel, moves to dismiss, for lack of jurisdiction, this appeal from the district court order denying Defendant-Appellant's motions to dismiss the complaint, to vacate the order of maritime attachment and to require counter-security.

Upon due consideration, it is ORDERED that, with respect to the portions of the district court's order denying the motion to dismiss and the motion to vacate the order of attachment, Plaintiff-Appellee's motion is GRANTED as those portions of the order are not immediately appealable. See Woods v. Rondout Valley Central Sch. Dist. Bd of Ed., 466 F.3d 232, 2__ (2d Cir. 2006) (generally, the denial of a motion to dismiss is not a final judgment and is not immediately appealable unless it satisfies the collateral order doctrine); Drys Shipping Corp. v. Freights, Sub-Freights,

CERTIFIED: 03/22/07

Charter Hire, 558 F.2d 1050, 1052 (2d Cir. 1977) (holding that order denying motion to vacate attachment was not immediately appealable under collateral order doctrine); accord Caribbean Trading and Fidelity Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 114 (2d Cir. 1991) (noting that just as an order denying a motion to vacate attachment is not immediately appealable, an order requiring security is not immediately appealable; Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d 238, 242 (2d Cir. 2006) (reaffirming that orders requiring security are not immediately appealable); see also Petroleos Mexicanos Refinacion v. M/T King A (Ex-Tbilisi), 377 F.3d 329, 337 (3d Cir. 2004) (holding that order denying motion to vacate maritime arrest was not immediately appealable under 28 U.S.C. § 1292(a)(3)).

FOR THE COURT:
Thomas Asreen, Acting Clerk

By: _Lucille Ca_____

SAO-HZ

A TRUE COPY
Thomas W. Asreen, Acting Clerk
by _____
DEPUTY CLERK